### 27357. HAM *v.* THE STATE.

DECIDED APRIL 4, 1939.

*W. E. Watkins, B. B. Garland,* for plaintiff in error.
*Frank B. Willingham, solicitor-general,* contra.

GUERRY, J. D. W. Ham followed the occupation of barbering in Jackson, Georgia, for at least two years before the return of an indictment at the August term, 1938, of the superior court of Butts County, without first having secured from the State board of barber examiners yearly renewal certificates of registration; and while he contends that he in good faith did all other matters and things required of him, even to forwarding to the board all necessary laboratory and doctors' reports, he did not pay the yearly renewal fees, contending that he was exempt from payment under the act of 1935, exempting World-war veterans from "all license tax or other charge" for the conduct of a business in Georgia not prohibited by law. No question was raised as to his proper qualification under the act. The indictment charged that he "did follow the profession of barbering in the City of Jackson, Georgia, without first having obtained a certificate of registration as provided by the laws of Georgia creating and regulating the State board of barber examiners." The defendant was convicted, and the case is now

before this court on exceptions assigning error on the judgment overruling his motion for new trial.

A veteran who holds a certificate of exemption properly issued under the provisions of the act of 1935, p. 163, may conduct any business not prohibited by law, without the payment of any license tax or other charge on the part of the State, county, or municipality. This certificate of exemption, however, will not permit its holder to practice the profession of a barber without first having obtained a certificate of registration as a barber. *Cooper* v. *Rollins,* 152 *Ga.* 588 (110 S. E. 726, 20 A. L. R. 1105). This certificate could not be issued until he had presented to the board proof that he was free from disease and sufficiently skilled in the performance of the duties of his calling. Such a requirement is as reasonable as are the requirements for the practice of law or medicine. They are for the benefit of the public, and exemption certificates will not prevent their universal application. It is not unreasonable to require that barbers furnish certificates as to the continuation of their freedom from disease from year to year. *Eason* v. *Morrison,* 181 *Ga.* 322 (182 S. E. 163). The expense incident to an examination, in respect to compliance with these requirements as to the issuance of a certificate of registration, is not a license tax or charge to which the certificate of exemption applies, but is an expense incident to the examination. In Code, § 84-409, the $15 required for newcomers to be admitted to the practice of barbering is called "an examination fee." It is comparable to the fee required of an applicant for admission to the bar, before he may take the examination, and is to cover the expense incident to such examination. Likewise the $2 renewal fee as required in Code, § 84-412, is an expense incident to the examination required for the renewal certificate. It is not a license tax or charge on the conduct of the business or the practice of the profession, but is an expense incident to the examination and issuance of the certificate. The law requires that before the barber may continue the practice of his profession for the ensuing year that he make proof that he has complied with the necessary regulations, which regulations the Supreme Court of this State has held were reasonable. The evidence that he has so complied with the regulations required is the renewal certificate. The fact that he has furnished proofs satisfactory to himself is not sufficient. It must be proof satisfactory to the board, and the cer-

tificate issued is the best evidence of that fact. A charge of $2 for this service is reasonable.

Under this view there was no error in the charge of the court or in the denial of the motion for new trial. The fee required was not a tax or charge for the conduct of the business, but an expense incident· to the exercise of the regulatory or police power of the board.

Since the verdict of guilty was demanded under the evidence and the defendant's statement, it becomes unnecessary to pass upon the remaining assignments of error.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*