22970. BROWN et al. v. CITY OF ATLANTA.

ARGUED MAY 11, 1965—DECIDED JUNE 17, 1965.

*Franklin B. Anderson,* for plaintiffs in error.

*Robert F. Lyle, Henry L. Bowden, Edwin L. Sterne,* contra.

Note: The opinion in this case was prepared by the late Presiding Justice Head for submission to the court and is approved by the court as written.

HEAD, Presiding Justice. Under the General Tax Act of 1935 every practitioner of law and certain other named professions was required to pay a State tax of $15 annually, and no municipal corporation or county authority could collect an additional tax on the professions enumerated. Ga. L. 1935, p. 13. By the Act of 1951 (Ga. L. 1951, pp. 157-175) this tax and various other business and professional taxes were abolished. Ga. L. 1951, p. 163.

In 1953 the General Assembly passed an Act providing in part: "From and after the passage of this Act no municipal corporation or county authority of this State, notwithstanding any provision in its charter to the contrary, shall levy or collect any license, occupation or professional tax upon practitioners of law [and other named professions] except at the place where any such practitioner shall maintain his principal office. Provided, such levy shall not exceed the levy imposed under the laws of the State of Georgia as the same existed in 1950." Ga. L. 1953, Jan. Sess., p. 207 (*Code Ann.* § 92-307).

In *City of Atlanta v. Gower,* 216 Ga. 368 (116 SE2d 738), this court had under consideration a tax ordinance of the City of Atlanta which levied a tax of $50 for the remainder of the year 1960 on the practice of professions licensed by the State. This court held in that case (at page 370) that: "The Act of 1953 is a general law having State-wide application, and in the absence of some other constitutional general law, the City of Atlanta would be prohibited by the Act of 1953 from levying a tax on the professions named in the General Tax Ordinance of the city in a sum greater than $15."

The tax ordinance of the City of Atlanta effective January 1, 1964, which is attacked by the petition in the present case, levied a tax of $15 annually on all persons practicing named profes-

sions who maintain a principal office in the city for the practice of such profession. The allegation in the petition that the tax of $15 provided in the ordinance is "in excess of the levy imposed under the laws of the State of Georgia as existed in 1950," is an erroneous conclusion of law.

Pursuant to Ga. L. 1963, pp. 70-72 (*Code Ann. Ch.* 9-7), this court approved rules and regulations for the organization and government of the State Bar of Georgia. Under Rule 1-501 (219 Ga. 882) attorneys of this State are required to pay an annual license fee. It is contended by the petitioners that the requirement of the payment of this license fee precludes a municipality from collecting an additional professional tax on attorneys, under the language of the Act of 1935 (Ga. L. 1935, p. 13) that: "No municipal corporation or county authority shall levy or collect an additional tax on the professions, businesses, or occupations enumerated above."

The license fee required under the rules and regulations of the State Bar of Georgia is not a professional tax on attorneys levied by the State of Georgia in lieu of the professional tax levied by the Act of 1935 (Ga. L. 1935, p. 13). This license fee is paid to the State Bar of Georgia, and the funds received are disbursed under the direction of the Board of Governors of the State Bar of Georgia. No part of these funds is ever paid into the treasury of the State of Georgia. A municipality is not precluded from levying a tax on attorneys because of the license fee paid to the State Bar of Georgia.

The tax ordinance claimed to be void in the present case does not undertake to make the payment of the tax a condition precedent to the right to practice law in the City of Atlanta (see *Wright & Hill v. Mayor &c. of Atlanta*, 54 Ga. 645), and it is not invalid for any reason alleged in the petition.

The allegation that two of the petitioners hold a veteran's license granting them the right to practice law without paying a license fee would not authorize the relief sought in this case, a declaration that the ordinance is void, and an injunction against its enforcement.

The petition did not state a cause of action for the relief sought, and the trial judge did not err in sustaining the general demurrer of the defendant.

*Judgment affirmed. All the Justices concur.*