46357. SILVERMAN et al. v. MAYOR &c. OF SAVANNAH.

42

ARGUED JUNE 28, 1971—DECIDED NOVEMBER 18, 1971.

*Fritts & Silverman, David H. Fritts,* for appellant.

*James B. Blackburn, Stanley E. Harris, Jr.,* for appellee.

PANNELL, Judge. Harry Silverman and Jack E. Miller, complainants, brought an action against the Mayor & Aldermen of the City of Savannah, seeking refund of $105 license fees paid to the defendants under protest and threat of criminal prosecution, and among the constitutional attacks made upon the ordinance providing for the tax was one in paragraph 5 of the petition on the ground that the ordinance, as it applies to the attorneys at law, is in violation of Article I, Section IV, Paragraph I of the Constitution of the State of Georgia (*Code Ann.* § 2-401), which provides that "laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law" on the grounds that the power to license and regulate attorneys at law is vested in the Supreme Court of the State of Georgia and administered through that court and through the State Bar of Georgia (Ga. L. 1963, pp. 70-72; *Code Ann. Ch.* 9-7; Rule 1-501 of the Supreme Court of the State of Georgia in 219 Ga. 873, 882). The trial judge sustained a motion to dismiss the petition on the ground that it failed to state a claim on which relief could be granted and struck the other paragraphs attempting to raise constitutional questions, including paragraph 5 of the complaint. The complainants appealed.

The question in this case is whether an ordinance of the

City of Savannah, insofar as it applies to attorneys at law, is a revenue measure or a licensing and regulatory measure. Under the heading "General" the title to the ordinance states: "An ordinance to assess and levy taxes and raise revenue for the City of Savannah; to provide taxes for business and professions; to provide for the regulation of certain kinds of businesses in the corporate and jurisdictional limits of said city; to provide a tax on the gross income of certain kinds of businesses; to fix penalties for the violation of the revenue ordinances of said city, and for other purposes connected with taxes and revenue in said city." Section 1 of the ordinance under this heading reads: "That from and after the first day of January, the inhabitants of said corporate and jurisdictional limits of said city and those who hold taxable property within the same, and those who transact or offer to transact business therein, and those who practice or carry on the professions or callings therein, except such as are exempt from taxation by law, shall pay towards the support of the government of said city, and for the safety, benefit, convenience and advantage of said city, the taxes hereinafter prescribed" and Section 6 reads: "Violations. Any person, firm or corporation violating any of the provisions of this ordinance; any person, firm or corporation committing any offense made unlawful herein; *and any person engaging in business within the City of Savannah without having first registered such business and obtained and paid for the appropriate license required by this ordinance, shall be deemed guilty of an offense* and upon conviction thereof shall be punished as provided in Section 2-105 of the 1958 Code of the City of Savannah and Supplement thereto. Each day's continuance of a violation shall be considered a separate offense." Then follow divisions relating to "Real Property" and "Personal Property," levying taxes thereon.

Then follows a division entitled "License." Section 1 reads in part as follows: "Every person, firm or corporation transacting or offering to transact any of the kinds of businesses hereinafter specified and scheduled, *or practicing or offering*

to practice any of the professions or callings hereinafter specified or scheduled, whether in connection with any other business profession or calling or not, shall pay the tax hereinafter prescribed and listed and scheduled for every separate place in which he may transact, or offer to transact business, or to engage in or offer to engage in or practice such profession or calling . . . Licenses, permits, or other grants to carry on any business, avocation, profession, occupation, or employment for which a charge or tax is made in this section, shall not be subject to revocation by the Mayor and Aldermen of the City of Savannah unless or until the licensee has been notified of the intention to revoke the same and said licensee has been afforded an opportunity to be heard as to the proposed grounds of revocation . . . " Section 6 reads: "Every person, firm or corporation transacting or offering to transact either of the kinds of business or professions named in this ordinance who are engaged in such business or professions on the 1st day of January shall within thirty days after said date take out the license provided for and pay for the same. . . Every person, firm or corporation who shall become liable for any of the above categories after January 1st shall, before commencing business, apply to the office of the City Marshal for the appropriate license or licenses. . . " Section 8 reads: "Every person transacting or offering to transact either of the kinds of businesses hereinafter named who are in business on the first day of January or begin business after said date, shall be subject to the following restrictions and regulations: . . . Every person, firm or corporation required by the provisions of this ordinance to take out a license, shall take out such license as provided in this ordinance before commencing any business, calling or profession. Any person or parties or firms or corporations opening a place of business within the city limits, or beginning to practice his profession or calling after January 1st shall before commencing such business, commencing to practice such profession or calling, call at the City Marshal's office, City Hall, and have his said business or profession properly classified; and for a failure to

*comply with this provision before the opening of said business or beginning to practice such profession, said person, firm or corporation, shall be placed upon the Police Court docket of the City of Savannah by the Marshal, and upon conviction for a violation of this provision shall be subject to a fine of not to exceed one hundred dollars ($100) and imprisonment, not to exceed thirty (30) days,* either, or both, in the discretion of the court." Section 11 reads: "Every person, firm or corporation required by this ordinance to pay a specific or business *or professional tax,* shall take out a license or receipt, which shall state the business or occupation or profession in which such person, firm or corporation is authorized to engage and which shall be displayed in a conspicuous manner within such place of business or profession, and which shall be exhibited to the City Marshal or his deputy at any time upon demand, and if any such person, firm or corporation shall engage in any business or occupation or profession for which such license or receipt is required without first taking out the same, *or who shall fail or refuse to exhibit the same upon demand to the City Marshal or his deputy* such person, firm or corporation shall, upon conviction before the Police Court of Savannah, be subject to a fine not to exceed one hundred dollars ($100) and imprisonment not to exceed thirty (30) days, either or both, in the discretion of the court." Attached is an exhibit alphabetically listing the various things taxed or licensed, among which appears the following: "Professions—Practitioners of —Attorneys, Physicians, Surgeons, Chiropractors, Osteopaths, . . . [and thirteen other professions]—Each practitioner, fifty dollars ($50) if admitted to practice for less than five (5) years; one hundred dollars ($100) if admitted to practice for five (5) years or more. Prior to *issuance of a license* for this type business the applicant therefor shall submit to the issuing authority satisfactory evidence that he has a State license in compliance with an appropriate Act of the State of Georgia if one has been issued. Persons working full time for a single employer shall not be deemed to practice a profession within the meaning of this

ordinance. *As to the above professions, the tax herein levied is for revenue purposes only, and the imposition of the tax is not for regulatory purpose, nor is payment of the tax made a condition precedent to the practice of any profession where the City of Savannah cannot lawfully so provide."*

It is conceded that no municipality may by a regulatory licensing ordinance regulate the legal profession and it is conceded that it may levy an occupation or license tax upon the practice thereof within its municipal limits (see *Brown v. City of Atlanta,* 221 Ga. 121, 124 (143 SE2d 388)). The provisions of the ordinance quoted above (with the exception of the last sentence) show that the "licensing" provisions of the ordinance are clearly regulatory. In *Mayor &c. of Savannah v. Charlton,* 36 Ga. 460, 461, where the State regulated and licensed the medical practice, the City of Savannah attempted to require a license for the practice of medicine in that city. The Supreme Court in ruling against the ordinance said: "1. By the laws of the State, defendant in error was licensed to practice medicine anywhere in the State. The authorities of the city of Savannah passed an ordinance which, among other things, ordained that every physician in the city shall be compelled to take out license annually, on the first day of January, or within ten days thereafter, for which he shall pay fifty dollars. On failure to take out such license, such person shall be fined, on conviction, one hundred dollars for each day's default. If no property of the party can be found out of which to raise said fine money, he is liable to be imprisoned. The defendant says the city has no authority to require him to procure a license, the Court below so decided and the city brings up the case for review. What is a license? It is defined to be a right given by some competent authority to do an act which, without such authority, would be illegal. Bouv. L. D. in locis. The position of the city, then, is that notwithstanding Dr. Charlton has license from the State to practice medicine anywhere in the State, yet he exercises the privilege thereby granted, in the city of Savannah, without a license from the city, it will be illegal. In other words, if he

acts under the license from the State, he becomes a criminal. The effect of which is to elevate the ordinance of the city above the law of the State. But it is insisted that the city has authority to tax this physician under the law—Code Sec. 4756—and that the license-fee is a mere tax, and the paper called a license a receipt for the money, that this really is a contest about words merely, and substantially there is no difference between a license and a tax. We cannot assent to this. A tax is a rate or sum of money, assessed on the person, property, etc. of the citizen, while a license confers a privilege, and makes the doing of something legal, which, if done without it, would be illegal. Under the name of a license, Dr. Charlton cannot be prohibited from availing himself, in the city, of the privilege conferred on him by the State. 2. He is not here contesting the authority of the city to tax him for practicing his profession; what he contends for, is that the city shall not make that illegal which by the law of the State is legal. We see no good reason why the city may not tax the practice of any profession within the corporate limits. We might elaborate, but deem it unnecessary. Judge Fleming decided this case correctly." In *Wright & Hill v. Mayor &c. of Atlanta,* 54 Ga. 645, it was held that under similar circumstances the municipality could tax the business carried on by a lawyer and noted that the taxing ordinance would not require the complaining attorneys to obtain a license from the defendant municipality to practice their profession or to carry on their business in the city. See also in this connection *Morton v. Mayor &c. of Macon,* 111 Ga. 162, 164 (36 SE 627, 50 LRA 485); *City of Waycross v. Bell,* 169 Ga. 57, 61 (149 SE 641); *Publix-Lucas Theaters v. City of Brunswick,* 206 Ga. 206, 212 (56 SE2d 254); *City of Atlanta v. Gower,* 216 Ga. 368 (116 SE2d 738); *Ham v. State,* 59 Ga. App. 872 (2 SE2d 504).

Is the language of the last sentence from the ordinance involved in this case quoted above legally sufficient to convert a regulatory measure to one for revenue purposes only and convert a license tax into an occupation tax? The an-

swer to this question depends to some extent on the construction to be given the language "where the city of Savannah cannot lawfully so provide." If it refers to those provisions which at the time of the adoption of the ordinance the city of Savannah could not lawfully enact, there might be some merit in the arguments of the municipality; but the language cannot be thus construed. It clearly refers to the time when the liability to pay the tax occurs. This could be January 1st of the year after the ordinance was adopted, or anytime thereafter when one desired to engage, in the city of Savannah, in the practice of the professions listed. How would this phrase then operate on the ordinance? Suppose the legislature were to change the laws regulating these professions and the city could then regulate them because of the absence of any State law. To permit this license tax to become an occupation tax and then revert to a license tax by an Act of the State legislature or court decision without any act of the legislative body of the city would permit the city to collect the tax whether it be regulatory or not, depending upon the change in the law by the legislature or the courts. The city fathers would thus be delegating to the legislature of this State or the courts the authority to revise its ordinance from a licensing ordinance to a revenue ordinance or vice versa rather than by the act of those lawfully required to act, the city fathers. See in this connection Thompson v. Smith, 155 Va. 367 (154 SE 579, 71 ALR 604); Mugford v. Mayor &c. of Baltimore, 185 Md. 266 (44 A2d 745).

Irrespective of this question, however, this last phraseology in the ordinance is insufficient to change its nature. Were this language merely an exemption from the regulatory license tax, we would have no objection, but it does more. It seeks to automatically convert what is clearly a regulatory tax into one for revenue purposes only upon a contigency which may or may not occur without any action of the city fathers repealing those provisions of the ordinance which make it a regulatory licensing ordinance. This

results in a mere play on words and saying that this ordinance is not for regulatory purposes where the city cannot regulate is merely trying to give it another name when its specific contents, unrepealed by the city fathers brand it as contrary to what it is called. The last sentence might as well have stated "this is not a regulatory ordinance," which would have been ineffective to have made it so. Saying it is not a regulatory ordinance if the city of Savannah cannot lawfully make one, can have no greater effect.

It follows, therefore, that this ordinance is a special law enacted where there is a general law of the State of Georgia above mentioned establishing the State Bar of Georgia regulating the practice of the profession of attorney at law and the trial court erred is dismissing as failing to state a claim the petition for refund of the license tax paid by the complainant attorneys under protest and under threat of criminal prosecution and erred in striking paragraph 5 of the petition attacking the constitutionality of the ordinance upon the above grounds. Whether or not the other constitutional attacks upon the ordinance were valid or invalid it is not necessary to decide, and therefore it is not necessary to decide whether or not the trial court erred in striking these paragraphs of the complaint.

*Judgment reversed. Bell, C. J., and Deen, J., concur.*