27368.   BOSWELL v. CITY OF VALDOSTA.

HAWES, Justice. The appeal here is from the order and judgment of the Superior Court of Lowndes County re-

fusing to enjoin the enforcement of an ordinance of the City of Valdosta imposing an annual license tax in the amount of $125 on attorneys practicing their professions within the limits of said city. In his complaint, appellant sought to recover the sums allegedly paid by him under protest to the defendant, City of Valdosta, in prior years, including $375 paid as tax for three years, a penalty in the amount of $25 imposed on account of appellant's late payment of the tax in 1971, and the sum of $54 assessed against him by the Recorder's Court of the City of Valdosta as a fine after he was found guilty of a criminal charge of practicing law without a license.

1. The record before this court shows without dispute that on March 22, 1972, the ordinance in question was amended so as to render the same inapplicable to attorneys and other professionals insofar as it sought to make criminal the practice by such professionals of their professions without first paying the license tax. As so amended, the tax ordinance does not undertake to make the payment of the tax a condition precedent to the right to practice law in the City of Valdosta, and it is not, as so amended, invalid for any reason urged by the appellant. *Wright & Hill v. Mayor &c. of Atlanta,* 54 Ga. 645; *Brown v. City of Atlanta,* 221 Ga. 121, 124 (143 SE2d 388). It follows that the trial court did not err in refusing to enjoin the future collection of the tax as a business or occupation tax.

2. No question is presented by this appeal as to the correctness of any ruling made in a prior certiorari from the Recorder's Court of Valdosta, and the trial court properly held that the adjudication in that proceeding as to the imposition of the $54 fine was res judicata, there having been no appeal therefrom.

3. No transcript of oral testimony was transmitted to this court. The trial court decided the issues on the pleadings and the stipulations filed by the parties. The sworn pleadings on behalf of the plaintiff affirmed that the past payments by the plaintiff of the tax were made under

protest. The sworn answers filed on behalf of the defendant denied this. The plaintiff re-asserted this contention in a stipulation which was filed in the case but not agreed to by the defendant. The finding of the trial court that the prior payments of the license tax by the plaintiff were not made under protest was authorized.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 11, 1972—DECIDED NOVEMBER 9, 1972—
REHEARING DENIED NOVEMBER 30, 1972.

*John S. Boswell, Sr.,* for appellant.
*Henry T. Brice,* for appellee.