## 47968. COOLIDGE et al. v. MAYOR &c. of SAVANNAH.

DEEN, Judge. 1. A municipality may levy an occupation tax upon the practice of law within its municipal limits. See *Brown v. City of Atlanta,* 221 Ga. 121, 124 (143 SE2d 388); *Silverman v. Mayor &c. of Savannah,* 125 Ga. App. 41, 46 (186 SE2d 447). In particular, the language of the original Charter of the City of Savannah (Ga. L. 1849-50, pp. 83, 84 (3), Code of 1873 § 4847) providing that the governing authorities may "levy such taxes . . . as shall appear to them expedient" includes the power to impose an occupation tax on attorneys. *Mayor &c. of Savannah v. Hines,* 53 Ga. 616. This means, of course, that it may do so only to the extent that the act is not forbidden by a law of general application. *City of Atlanta v. Gower,* 216 Ga. 368 (116 SE2d 738). Between 1920 and 1935 taxes on professions were prohibited. See Ga. L. 1920, p. 16 et seq., Ga. L. 1935, p. 11, § 3. They were again prohibited in 1951, Ga. L. 1951, pp. 157, 163. Code Ann. § 92-307 (Ga. L. 1953, p. 207) provided that municipal corporations could levy occupation and professional taxes only at the place where the practitioner maintained his principal office and that the tax should not exceed that charged by the State of Georgia in 1950. However, by Ga. L. 1969, pp. 426, 427, the ceiling was raised to $200 per year. Therefore, in 1972 the City of Savannah had authority to pass an ordinance taxing various professions, including practitioners of law, at their principal place of business in sums not exceeding $200 per annum. It follows that the amendment to Code Ann. § 2-5403, Art. VII, Sec. I, Par. III of the Constitution of Georgia, Ga. L. 1968, p. 1745, relating to the authority of the governing authorities of Savannah to levy certain taxes but providing that the procedure therein set out "shall not apply to any tax which the Mayor and Aldermen of

the City of Savannah were authorized to levy at the time this amendment was submitted for ratification" is irrelevant to the question of levying an occupation tax on lawyers, since the city already had that power.

2. The ordinance of the City of Savannah which is under attack here provides for a tax on various professions including the practice of law "levied for revenue purposes only" in the annual sum of $50 if the taxpayer has been admitted to practice for less than five years, $100 if admitted to practice five years or more, but exempting from payment all practitioners who have been engaged in active practice for sixty years or more. The Georgia Constitution (Code Ann. § 2-5403, supra) requires that all taxation shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax, and it is contended that this tax offends such constitutional provision by levying taxes in different amounts, or no amount, upon members of the same class. In *Wright v. Hirsch,* 155 Ga. 229 (2b) (116 SE 795) the proposition was stated that under this mandate the legislature may make any classification or subdivision which is reasonable and not arbitrary. Dealers in cigars in an incorporated town may be such a class, or liquor dealers, or store owners. But, quoting *McGhee v. State,* 92 Ga. 21, 26 (17 SE 276): "When, however, the legislature does make a distinct class, it must treat each member of it alike. It could not provide that some lawyers, some physicians, or some liquor dealers, must register and pay their taxes in advance, and be indictable for failing to do either, and relieve other lawyers, physicians, or liquor dealers from these provisions. When it makes a class of lawyers, physicians, liquor dealers, dealers in futures, or any other class, including one or more occupations, the same provisions must be made as to each member of the class." *Wright* goes on, however (p. 236), to state that "the power to classify necessarily includes the power to subclassify"; for example, the category of

grocers or cigar dealers may be subclassified into wholesale and retail, etc. In *Singer Mfg. Co. v. Wright,* 97 Ga. 114 (25 SE 249, 35 LRA 497) that sewing machine manufacturers could be subclassified into "those transacting such business in specified or particular ways." "The legislature can divide persons engaged in the same general occupation into subdivisions, if there is reasonable ground for such subclassification, and tax members of one subdivision, and exempt those of another subdivision." *Wright v. Hirsch,* 155 Ga. 229, supra, p. 240. See also *Featherstone v. Norman,* 170 Ga. 370 (2) (153 SE 58). Further, an occupation tax may show a relation to the income of the taxpayer although it is not itself an income tax. In *Price v. Richardson,* 159 Ga. 299 (125 SE 449), a tax was approved on barbers, graduated by the number of chairs each shop offered. Nor is a business tax measured by gross revenue subject to attack for this reason. *Pharr Road Inv. Co. v. City of Atlanta,* 224 Ga. 752 (2), 755 (164 SE2d 803). The provision here that generally the professional tax on attorneys is $100, with a lower tax for those in practice under five years and an exemption for those with over 60 years does, of course, have some relation to income producing ability, and the question is then whether such a subclassification is arbitrary and unreasonable. The licensing regulations of the State Bar Association employ a similar decrease for attorneys admitted to practice under five years under Rule 1-502 which provides: "License fees may be fixed in differing amounts for different classifications of active and inactive membership, as may be established by the by-laws." In re: State Bar of Georgia, 219 Ga. 873, 883, Rule 1-502. No attorney would object to the proposition that gross revenue bears a direct correlation to years of practice. The tax is uniform as to the classifications and subclassifications employed. Accordingly, it is not subject to this constitutional attack. "For the purpose of

levying business taxes, a classification which is not arbitrary is legitimate." *Mayor &c. of Savannah v. Cooper,* 131 Ga. 670 (4) (63 SE 138).

The trial court did not err in dismissing the complaint of the plaintiff taxpayers.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.* ARGUED MARCH 5, 1973 — DECIDED APRIL 3, 1973.

*David H. Fritts, Harry Silverman, Jack E. Miller,* for appellants.

*James B. Blackburn, Stanley E. Harris, Jr.,* for appellee.