50309. WANTHAL et al. v. CITY OF ATLANTA.

ARGUED FEBRUARY 25, 1975 — DECIDED MARCH 19, 1975 — REHEARING DENIED APRIL 2, 1975.

420

*Arnall, Golden & Gregory, Cleburne E. Gregory, Jr., William H. Kitchens,* for appellants.

*Henry L. Bowden, John E. Dougherty,* for appellee.

DEEN, Presiding Judge.

The parties to this appeal are of course bound by the rulings of the superior court judge on certiorari from which no appeal is taken. It is therefore obvious that, under the law of this case, the defendants are not required

individually to take out a business license. Wanthal, a certified public accountant, has paid his professional occupation tax and could not under any circumstances be further required to pay a business license fee for activities included in the practice of his profession. This would be double taxation. Neither assessment could be justified as being a license rather than a tax. *Silverman v. Mayor &c. of Savannah,* 125 Ga. App. 41, 47 (186 SE2d 447). It is pointed out to us that the State Board of Accountancy, which has rule-making power, includes these activities in defining the profession, and that Sec. 20-10-.01(4) of its Rules and Regulations provides: "A certified public accountant *who has any interest in an organization* performing statistical tabulating services, *management advisory services,* or similar activity, is directly or indirectly rendering 'services of a type performed by public accountants' and is subject to these standards of professional conduct." This accords with the testimony of all accountants examined as experts in the field upon the trial.

As stated in *Publix-Lucas Theatres, Inc. v. City of Brunswick,* 206 Ga. 206, 210 (56 SE2d 254), quoting from *Mystyle Hosiery Shops, Inc. v. Harrison,* 171 Ga. 430, 431 (155 SE 765): "[R]evenue laws are neither remedial statutes nor laws founded upon any permanent public policy, and are not, therefore, to be liberally construed; and hence, whenever there is a just doubt, that doubt should absolve the taxpayer from his burden."

Management advisory services are, under the state licensing authority, services "of a type performed by public accountants." The defendant Wanthal and all other partners in the firm have presumably paid the annual registration fee to the state under Code Ann. § 84-215. In addition, each has paid his professional occupation tax to the City of Atlanta. A third tax, although nominally levied against Touche Ross & Co., is in reality a second imposition of occupational tax by the municipality as to which each partner would be liable for a pro rata share in addition to the tax already paid. Therefore, Wanthal as a partner could not also be compelled as an "owner" to pay an additional tax or part thereof, or be fined for failure to register "Touche Ross &

Co." and apply for a license, absent clear proof that the partnership was engaged in a "business" which was not in fact a part of the accounting business of the partnership. This applies even more strongly to Seitz, who appears to have been an employee under Wanthal in the management services division of the company.

For this reason only the trial court erred in denying the petition for certiorari. The remaining portions of the order holding that only one business license could be charged in any event and further that the defendants are not individually liable for a business license is affirmed.

*Judgment reversed. Evans and Stolz, JJ., concur.*