## 34247.GLEASON v. CITY COUNCIL OF AUGUSTA et al.

HILL, Justice.

This case involves the validity of portions of the City of Augusta's 1978 Business License Ordinance applicable to attorneys and other professions.

That ordinance provides in pertinent part as follows: "Section 1. That the following annual and specific taxes and licenses on businesses, occupations and professions to be paid by the person or persons, firms or corporations, carrying on or engaged in such business, occupations or professions whether residents of the City of Augusta or not, shall be levied and collected for the year 1978 and payable on January 1st of said year, or fifteen days thereafter. . ." Section 2 lists the businesses, occupations, and professions which are required to procure a license and pay a tax, from Abstract Title and Guarantee Company ($100) to Yeast Dealer ($23), including the professional tax on the practice of law, medicine, osteopathy, chiropractic, etc. ($100). "Said tax shall apply to practitioners of the enumerated professions, trades and callings maintaining an office or practicing out of an office in the City of Augusta. 10% penalty due after January 15."

Section 12 of the ordinance provides in part as follows: "Any person, firm, company, proprietorship, partnership or corporation; *excepting any person, firm, company, proprietorship or corporation required by this ordinance to pay a professional tax,* who as owner, or as agent of the owner, shall conduct any business whatever in this City without procuring the required license and paying the appropriate tax therefor, shall be punished for each day of such failure by a fine not less than $5.00 nor more than $100.00, or serve on the public works not less than 10 nor more than 90 days (or by imprisonment), at the discretion of the Recorder's Court, to which all such persons shall be reported. Any person, firm, company, proprietorship, partnership or corporation required by

this ordinance to pay a professional tax who fails to make payment within the time limits prescribed in Section 1 of this ordinance shall be subject to and required to pay a penalty of 10% of the tax due." (Emphasis supplied.)

Appellant, an attorney, brought suit to enjoin the collection of the tax alleging that it was unconstitutional. The trial court dismissed the complaint for failure to state a claim and plaintiff appeals, enumerating three alleged errors.

The exception in section 12 of the ordinance removing criminal sanctions from those persons required to pay the professional tax does not exempt professionals from civil liability for paying the tax and does not render the ordinance so vague and ambiguous as to be incapable of enforcement. Civil liability for payment of the professional tax is clearly imposed by other parts of the ordinance and the last sentence in section 12. Appellant's first enumeration of error is without merit.

Appellant, an attorney, will not be heard to challenge the validity of the ordinance on the ground that section 12 discriminates in favor of the professions and against other businesses and occupations in that it relieves him and other professionals from criminal sanctions applicable to businesses and occupations. A person who challenges a law upon equal protection grounds must show that the law discriminates against the challenger, not in favor of him. Heald v. District of Columbia, 259 U. S. 114, 123 (42 SC 434, 66 LE 852) (1922); Lott Invest. Corp. v. Gerbing, 242 Ga. 90, 92 (1978).

In his third enumeration of error, appellant contends that he has a license to practice law issued by the State Bar of Georgia pursuant to general law and that the city's attempt to regulate his practice of law by ordinance contravenes the special law prohibition of Code Ann. § 2-207. The city responds by pointing out that the section 12 exception exempting professionals from criminal sanctions was intended to avoid the regulation found to be prohibited by general law in *Silverman v. Mayor &c. of Savannah,* 125 Ga. App. 41, 46-47 (186 SE2d 447) (1971). We agree. An attorney may be required to pay a municipal revenue tax, where such tax is enforced by civil penalties only, without such tax regulating the practice of

law and thereby becoming a prohibited special law contravening general law. *Silverman v. Mayor &c. of Savannah,* supra; *Boswell v. City of Valdosta,* 229 Ga. 752, 753 (194 SE2d 448) (1972). The trial court did not err in dismissing the complaint.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 20, 1978 — DECIDED JANUARY 4, 1979.

*Archie L. Gleason,* for appellant.
*Samuel F. McGuire, Stephen E. Shepard,* for appellees.