## S96A1391. SEXTON et al. v. CITY OF JONESBORO.
(481 SE2d 818)

Hines, Justice.

The issue is whether the City of Jonesboro's occupational tax ordinance[1] operates as an unconstitutional precondition on the practice of law, and therefore, impermissibly regulates the practice of law. For the reasons set forth below, we conclude that it does.

The City of Jonesboro enacted an ordinance to provide for a new system of occupational tax regulations.[2] The ordinance, as amended, establishes that for the year 1995 and succeeding years thereafter, an occupational tax be levied on persons engaged in any business, trade, profession, or occupation in the city.[3] It requires professionals, as classified in OCGA § 48-13-9 (c) (1) through (18), to pay either a $400 flat fee, or a tax based upon gross receipts combined with profitability ratios as set forth in the ordinance.[4] The election of payment option is to be made annually by January 1 of each year. Registration and payment of the tax is due and payable January 1 of each year, and if the tax is not paid by April 1 of each year, the payor is subject to a ten percent penalty for delinquency. The ordinance provides for punishment of a fine not to exceed $200 or imprisonment for up to 60 days for an individual who transacts business without having

---

[1] The ordinance at issue was adopted on December 12, 1994, and subsequently amended on November 21, 1995.

[2] Code of Ordinances of the City of Jonesboro, Secs. 3-2-1 through 3-2-28.

[3] Section 3-2-1 provides:
For the year 1995 and succeeding years thereafter, an occupation tax is levied, and each person engaged in any business, trade, profession, or occupation in the city, whether with a location in the city or in the case of an out-of-state business with no location in Georgia but exerting substantial efforts within the city or owning real or personal property located within the city from which income is generated pursuant to O.C.G.A. § 48-13-7 (b), shall register the business, trade, profession or occupation and shall pay the occupation tax for said business, trade, profession, or occupation; which tax and any applicable occupation tax certificate shall be displayed in a conspicuous place in the place of business, if the taxpayer has a permanent business location in the city. If the taxpayer has no permanent business location in the city, such occupation tax certificate shall be shown to the Business Tax Clerk or this officer's deputies or to any police officer of the city, upon request.

[4] Sec. 3-2-8.

obtained an occupation tax certificate and whose tax is delinquent.[5]

Eight attorneys engaged in the practice of law in the City of Jonesboro filed a complaint for declaratory judgment in the Superior Court of Clayton County, seeking, inter alia, a declaration that the occupational tax was an unconstitutional regulation of the practice of law.[6] The gravamen of the challenge was an attack on the ordinance's criminal sanctions. The superior court upheld the ordinance and granted summary judgment in favor of the City after expressly finding that the imposition of criminal penalties by the City, pursuant to Secs. 3-2-11 and 3-2-17 of the ordinance, was authorized by the general law of this state as codified in OCGA § 48-13-26 (b).

A local government can impose and enforce an occupation tax against practicing members of the legal profession. OCGA § 48-13-5 et seq. The authority to do so is longstanding. See *Brown v. City of Atlanta*, 221 Ga. 121, 124 (143 SE2d 388) (1965); *Coolidge v. Mayor &c. of Savannah*, 128 Ga. App. 704 (197 SE2d 773) (1973). But, a local government is prohibited from subjecting lawyers to regulatory fees. OCGA § 48-13-9 (c) (1). The power to license and regulate attorneys at law is vested in this Court and administered through the Court and through the State Bar of Georgia. See 1983 Ga. Const., Art. III, Sec. VI, Par. IV; OCGA § 15-19-30 et seq. The Jonesboro ordinance states that the "tax" is being levied for revenue purposes only and not for regulatory purposes or as a condition precedent to the practice of a business, profession, trade, or calling. Sec. 3-2-10. However, such a statement of purpose is not determinative. The inquiry must be whether the Jonesboro ordinance operates, in regard to attorneys at law, as merely a means to generate revenue by taxing the practice of the profession or whether it acts effectively as a pre-

---

[5] Section 3-2-11 provides in pertinent part:

Said registration and occupation tax shall be due and payable January 1 of each year and shall, if not paid by April 1 of each year, be subject to 10% penalty for delinquency. On any new profession, trade, profession or occupation begun in the city in 1995 or succeeding years thereafter, the registration and tax shall be delinquent if not obtained immediately upon beginning business and a 10% penalty imposed. The occupation tax certificate shall be issued . . . and if any person, firm, or corporation whose duty it is to obtain [an] occupation tax certificate shall, after said occupation tax becomes delinquent, transact or offer to transact, in the city, any of the kind of business, profession, trade or occupation subject to this ordinance without having first obtained said certificate, such offender shall, upon conviction by the municipal judge, be punished by a fine not to exceed $200.00, or imprisonment not to exceed 60 days, either or both in the discretion of the judge.

[6] The plaintiffs initially attacked the ordinance on equal protection grounds and that it violated the attorney-client privilege. They obtained a temporary restraining order prohibiting the City from incarcerating them for failing to comply with the ordinance and enjoining it from conducting audits of plaintiffs' records. Plaintiffs' complaint was amended to claim taxation without representation and that the ordinance acted as an unconstitutional regulation of the practice of law. Plaintiffs pursued only the challenge of unconstitutional regulation of the practice of law and voluntarily dismissed the remaining claims.

condition or license for engaging in the practice of law, rendering it a regulatory fee. See *Chanin v. Bibb County*, 234 Ga. 282, 285 (1) (216 SE2d 250) (1975); *Richmond County Business Assn. v. Richmond County*, 224 Ga. 854, 856 (1) (165 SE2d 293) (1968); *Silverman v. Mayor of Savannah*, 125 Ga. App. 41, 46 (186 SE2d 447) (1971).

Examination of the ordinance compels the conclusion that regardless of its stated purpose, it operates pragmatically as more than a measure to generate revenue. The registration and fee payment must be at the beginning of each year prior to the transaction of business for the year[7] and an occupation tax certificate must be displayed indicating compliance with the registration and fee requirement. Secs. 3-2-6; 3-2-11. Therefore, compliance with the ordinance is, in effect, a precondition on the practice of law in the City of Jonesboro.

Consideration of the application of the ordinance's criminal sanctions likewise illustrates the regulatory nature of the ordinance. As the superior court noted, it is true that OCGA § 48-13-26 (b) provides general authority for a municipality to criminally prosecute persons for violating a municipal ordinance by failing to pay special taxes, occupation taxes, or license fees or by refusing to register. However, the legality of the imposition of criminal punishment per se is not drawn into question.[8] See *Gleason v. City Council of Augusta*, 242 Ga. 796 (251 SE2d 536) (1979).[9] What is at issue is the focus and net effect of such sanctions in this case. The criminal punishment is not invoked upon the delinquency of payment but upon the attempt by the delinquent payor to conduct business. This supports the conclusion that the ordinance's aim and effect is to regulate the practice of the profession rather than to simply gain revenue. Moreover, it can hardly be maintained that incarceration for conducting business after delinquency would not impede practice of the profession of law.

The Jonesboro ordinance acts as an unconstitutional regulation of the practice of law, and the superior court erred in finding otherwise.

*Judgment reversed. All the Justices concur.*

---

[7] The City of Jonesboro cites OCGA § 48-13-20 in support of the ordinance's time frames for compliance. However, the statute is not at issue in this case and its general provision for time of payment for fees and taxes is not dispositive on the question of the legality of application of the time frames of the Jonesboro ordinance to the plaintiffs in this case.

[8] The constitutionality of the statutory provision was not raised below and is not challenged in this appeal.

[9] The case was decided without consideration of former Ga. Code Ann. § 91A-6012, now codified in OCGA § 48-13-26 (b).

*Lee Sexton,* pro se.
*Glaze, Glaze & Fincher, Steven M. Fincher, Laurel E. Henderson, Theodore P. Meeker III,* for appellee.