## S13A1105. MOSS et al. v. CITY OF DUNWOODY.
### (750 SE2d 326)

THOMPSON, Chief Justice.

At issue in this case is the constitutionality of an ordinance adopted by the City of Dunwoody imposing an occupational tax on attorneys who maintain an office and practice law in the city.[1] Appellants argued in the trial court that the ordinance (1) operates as an unconstitutional precondition on the practice of law, as well as an improper attempt to regulate the practice of law in violation of OCGA § 15-19-30 et seq., and (2) violates equal protection requirements because it does not apply to attorneys practicing law outside the city limits. The trial court determined the ordinance did not violate the constitution on the challenged grounds and for the reasons set forth below, we affirm.

Appellants Robert A. Moss and Jeffrey P. Rothenberg, individually and d/b/a Moss & Rothenberg, are lawyers who maintain an office for the practice of law in the City of Dunwoody. In April 2010, appellants filed a complaint for injunctive and declaratory relief in

---

[1] The City of Dunwoody was incorporated and commenced operations on December 1, 2008, adopting its code of ordinances that same date, including the occupational tax ordinance at issue in this case. The ordinance subsequently was amended in September 2010.

the Superior Court of DeKalb County seeking, inter alia, to have the City's December 2008 occupation tax ordinance declared unconstitutional. The City counterclaimed for declaratory relief with respect to the constitutionality of the ordinance and sought an order requiring its enforcement against appellants, including registration of appellants' businesses in the city along with payment of taxes, interest, penalties, attorney fees, and costs.

In an order entered May 16, 2012, the trial court found the ordinance constitutional as applied to appellants and set a hearing date to address the City's claims for money judgment and attorney fees.[2] Prior to the hearing, the City filed an amended counterclaim and included a copy of the City's revised 2010 occupational tax ordinance (the "amended ordinance").[3] Determining the amended ordinance was operatively indistinguishable from the original 2008 ordinance, the trial court issued a final order requiring appellants to register their businesses and to pay taxes, penalties, and interest due for the 2009 through 2011 tax years while rejecting the City's request for attorney fees and costs. Appellants appeal both this order and the order dated May 16, 2012.

1. Local governments have long been permitted to impose and enforce occupational taxes on lawyers so long as the tax is merely a means to generate revenue and does not act as a precondition or license for engaging in the practice of law, rendering it a regulatory fee.[4] See *Sexton v. City of Jonesboro*, 267 Ga. 571, 572 (481 SE2d 818) (1997); *Chanin v. Bibb County*, 234 Ga. 282, 285 (216 SE2d 250) (1975); *Brown v. City of Atlanta*, 221 Ga. 121, 124 (143 SE2d 388) (1965). The distinction is important because "[t]he power to license and regulate attorneys at law is vested in this Court and administered through the Court and through the State Bar of Georgia. See 1983 Ga. Const., Art. III, Sec. VI, Par. IV; OCGA § 15-19-30 et seq." *Sexton*, supra at 572. Moreover, local governments are statutorily prohibited from subjecting attorneys to regulatory fees. OCGA § 48-13-9 (c) (1).

The question of whether an ordinance allowing for an occupation tax on attorneys impermissibly acts as a precondition or license for

---

[2] Before the hearing to determine sums due, appellants sought to appeal the May 16 order to this Court. However, this Court dismissed the appeal for failure to follow interlocutory procedures, and the case was returned to the trial court.

[3] Appellants objected to the timeliness of this amendment but withdrew their objection at the hearing.

[4] "[A] license confers a privilege and makes the doing of something legal, which, if done without it, would be illegal." *Silverman v. Mayor &c. of Savannah*, 125 Ga. App. 41, 47 (186 SE2d 447) (1971).

engaging in the practice of law is one which this Court has considered numerous times and on which case law is well-established. See *City of Atlanta v. Barnes*, 276 Ga. 449, 450 (578 SE2d 110) (2003); *Sexton*, supra at 573; *Gleason v. City Council of Augusta*, 242 Ga. 796 (251 SE2d 536) (1979); *Boswell v. City of Valdosta*, 229 Ga. 752 (194 SE2d 448) (1972); *Brown*, supra. In considering the constitutionality of a particular ordinance, this Court looks beyond the ordinance's stated purpose and inquires instead as to its operative effect. *Sexton*, supra at 572. Some elements previously identified as illustrating the regulatory nature of ordinances found to be unconstitutional are requirements that payment of the tax be made prior to the transaction of business, that a tax certificate be obtained and displayed, and that non-payment of the tax could result in criminal sanctions. *Barnes*, supra at 450; *Sexton*, supra at 573.

In the instant case, the challenged ordinance requires attorneys with offices in the City of Dunwoody to annually register their business location with the City, obtain an occupation tax certificate,[5] and pay the authorized tax.[6] It specifies that taxes assessed on attorneys are paid in arrears at the end of the calendar year and allows 120 days for payment to be made before declaring the tax delinquent and subject to a delinquency penalty of 10% with interest accruing thereafter. The ordinance makes no provision for criminal sanctions against attorneys in the event of nonpayment, nor purports to give the City the power to suspend their ability to practice law. Instead, in the event an attorney fails or refuses to pay the tax, the City's remedy is to issue execution for the sum due and, at its discretion, report the attorney to the State Bar. The City's ordinance thus has none of the operative effects which this Court previously has identified as evidence of an unconstitutional regulation of the practice of law.

Appellants argue that the ordinance's registration requirement is itself a precondition to their ability to practice law which improperly results in the issuance of a business license which can be suspended or revoked. We disagree. Registration assists the City with the assessment and collection of taxes due. While the ordinance provides for the issuance of a tax certificate upon registration, it does not authorize the City to withhold a certificate from any attorney who

---

[5] Although the original ordinance required that the certificate be displayed, it contained no mechanism for punishment for noncompliance, and the amended ordinance omits this requirement entirely.

[6] At the attorney's election, the tax due is either a function of the gross receipts for the calendar year just concluded or $400. These alternative methods for calculating the tax due are authorized by State law. See OCGA § 48-13-10 (a), (g).

fails to comply with the ordinance. Moreover, although the certificate serves the dual purpose of acting as a business license for those entities the City is entitled to regulate, attorneys are clearly exempted from regulatory treatment under the ordinance. See *Richmond County Business Assn. v. Richmond County*, 224 Ga. 854, 856 (1) (165 SE2d 293) (1968) ("The distinction between a tax and a license is not one of names but of substance."). Contrary to appellants' argument, the ordinance does not give the City the power to suspend or revoke an attorney's ability to practice law in the event of noncompliance.

For the same reason, we find unpersuasive appellants' argument that the ordinance threatens (and thus impedes) their ability to practice law simply by empowering the City to notify the State Bar should they fail to comply with its provisions. As previously noted, nothing in the ordinance gives the City the power to suspend or revoke appellants' ability to practice law — a power left up to the State Bar and regulating authorities. See Ga. Const. of 1983, Art. III, Sec. VI, Par. IV; OCGA § 15-19-30 et seq. Thus, we conclude that any "impediments" resulting from action taken by the State Bar in response to such notice would be attributable to the proper regulating authorities and not the ordinance.

Finally, appellants contend that the ordinance is invalid because efforts by the City to ascertain the correct amount of tax due and/or to recover unpaid taxes could impede their ability to practice law. We have previously held, however, that "an attorney may be required to pay a municipal revenue tax, where such tax is enforced by civil penalties only, without such tax regulating the practice of law." *Gleason*, 242 Ga. at 797. See *Boswell*, 229 Ga. 752. Moreover, provisions in the ordinance pertaining to the City's right to review the financial records of attorneys opting to pay the tax under the gross receipts method do not require the production of material protected by attorney-client privilege and gross revenue statements provided to a local government for the purpose of determining the amount of occupation tax due are specifically protected from disclosure. See OCGA § 48-13-15. We hold, therefore, that provisions in the ordinance allowing the City to inspect an attorney's financial records and to issue an execution to recover unpaid taxes due or otherwise enforce payment through the imposition of civil penalties[7] constitute neither

---

[7] We find no merit to appellants' argument that the mere possibility an attorney might ultimately be held in contempt of court for ignoring a court order enforcing a *valid* occupation tax ordinance such as this one serves to either precondition or regulate the practice of law. Compare *Barnes*, supra at 450.

a precondition to the practice of law nor an attempt to regulate such practice.[8]

2. Appellants also assert that the ordinance is arbitrary and capricious and violates the equal protection clauses of the state and federal constitutions. See Ga. Const. of 1983, Art. I, Sec. I, Par. II. Specifically, appellants argue that the ordinance violates the equal protection clauses both by not applying uniformly to all attorneys practicing law in Georgia and by charging those attorneys to whom it applies the highest percentage rate of their gross revenues. Because the right to practice law is not a fundamental right and attorneys are not a suspect class, a rational basis test is the appropriate standard of review for appellants' claims. See *Pawnmart, Inc. v. Gwinnett County*, 279 Ga. 19, 21 (608 SE2d 639) (2005). Under a rational basis test, "[i]f the legislative purpose is legitimate and the classification drawn has some reasonable relation to furthering that purpose, the classification passes muster. [Cits.]" *Smith v. Cobb County-Kennestone Hosp. Authority*, 262 Ga. 566, 570 (423 SE2d 235) (1992).

As noted by the trial court, the City's occupation tax pays for a variety of city services that benefit all citizens within the city, including attorneys. We find it reasonable for the City to require attorneys with offices inside city limits to help pay for city services from which they benefit. Further, as all attorneys subject to the ordinance are taxed uniformly under its provisions, this Court finds that the rate charged is valid. See *Coolidge v. Mayor & Alderman of Savannah*, 128 Ga. App. 704, 705 (197 SE2d 773) (1973) (Georgia Constitution requires uniform taxation on the "same class of subjects within the territorial limits of the authority levying the tax"). Accordingly, we agree with the trial court that the challenged provisions of the ordinance as applied to attorneys do not violate the equal protection clauses of the Georgia and federal constitutions.

*Judgment affirmed. All the Justices concur, except Melton, J., who concurs specially.*

MELTON, Justice, concurring specially.

Although I concur in the judgment of the majority opinion, I write separately to stress that the factors it espouses for determining whether an ordinance inappropriately regulates the practice of law are neither exhaustive nor conclusive. These factors — the timing of tax payments, the requirement of a tax certificate, and the possibility

---

[8] We likewise disagree that language in the amended ordinance specifying that "the continued practice of law" would not be penalized by "fining, imprisoning or criminalizing noncompliance" eliminates the City's ability to impose the delinquency penalty and interest on late payments made by attorneys.

of criminal sanctions for nonpayment of taxes — were considered in the general discussion of *Sexton v. City of Jonesboro*, 267 Ga. 571 (481 SE2d 818) (1997). Certainly these factors may be instructive, but narrow and repetitive reliance on them obscures the general principle, which *Sexton*, itself, emphasized:

> The inquiry must be whether the [challenged] ordinance operates, in regard to attorneys at law, as merely a means to generate revenue by taxing the practice of the profession or whether it acts effectively as a precondition or license for engaging in the practice of law, rendering it a regulatory fee.

Id. at 572. In this case, because Dunwoody's ordinance does act merely as a means to generate revenue, treats attorneys like every other taxpayer, and benefits all citizens within Dunwoody in a similar manner, the ordinance cannot be considered an unconstitutional attempt to regulate the practice of law.

I believe that the inquiry in cases such as this could end there. The other factors set forth in *Sexton* merely support this finding, but they are not prerequisites to this conclusion. In fact, an undue emphasis on the factors in *Sexton* could lead to absurd results. For example, one might potentially view the Department of Revenue's enforcement of income taxes as the improper regulation of the practice of law if it resulted in the arrest of an attorney. Similarly, one could also posit that the requirement that all businesses have a business license in order to operate might also be considered an undue regulation *solely* with respect to attorneys, thereby singling out attorneys for special treatment based on their status. The bottom line is that attorneys must be treated fairly and equally with other businesses and professionals in a community when it comes to revenue generating policies. They need not be treated with singular care and privilege generated by a complicated list of hoops through which few ordinances, no matter how general and balanced, could navigate successfully.

DECIDED OCTOBER 21, 2013.

*Moss & Rothenberg, Robert A. Moss, Jeffrey P. Rothenberg,* pro se.

*Samuel S. Olens, Attorney General, Nels Stefan David Peterson, Assistant Attorney General, Henderson & Hundley, Kelly M. Hundley,* for appellee.