5004. ATLANTIC COAST LINE RAILROAD COMPANY *v.* COLLINS.

RUSSELL, J. 1. Where a witness testifies to certain facts upon his direct examination, but upon cross-examination shows that he has answered from hearsay and without any personal knowledge of the facts about which he has testified, his testimony should, as hearsay, be excluded from consideration, for the reason that hearsay evidence is without probative value.

2. Upon cross-examination the plaintiff, by his testimony, demonstrated that his knowledge of the loss of the six sacks of fertilizer was wholly dependent upon hearsay; and, the testimony of those witnesses who would have known of the failure of the carrier to deliver (if there was a failure in this respect) not being introduced, the judgment in favor of the plaintiff in the justice's court was not warranted by the evidence, and the certiorari should have been sustained.

3. The questions raised by the demurrers, not being argued in the briefs, must be treated as having been abandoned. *Judgment reversed.*
DECIDED OCTOBER 31, 1913.

Certiorari; from Mitchell superior court—Judge Frank Park. April 17, 1913.

*Pope & Bennet, Spence & Bennet,* for plaintiff in error.