38255. SOUTHEASTERN SPORTS CAR CENTER, INC. *v.* MANGLE.

DECIDED MAY 12, 1960.

652

*Ben T. Beasley, Jr.,* for plaintiff in error.

*Franklin B. Anderson,* contra.

GARDNER, Presiding Judge. 1. We have studied the evidence carefully and in view of the contract and the sales figures, it is our opinion that the evidence supports the verdict and the trial court did not err in denying the motion for a new trial as to the general grounds.

2. Special ground 1 assigns error because it is alleged that the court erred in admitting certain evidence over objections, this evidence being a monthly report which counsel for the defendant insists was not relevant to the issue before the court. The court ruled that, since other books of the defendant were not produced to reflect a picture of the profit and loss, the monthly statements were admissible. It seems that the records of Reynolds & Reynolds, the defendant's auditors, were admittedly destroyed by the defendant. It was stipulated that the

auditor's profit and loss statements were destroyed. In view of what appears in this special ground as a colloquy between counsel and the court, it does not appear to be reversible error for the court to have admitted the profit and loss statement into evidence. This special ground is not meritorious.

3. Special ground 2 assigns error because it is alleged that the court erred in failing to grant a motion to strike portions of the testimony of Mrs. Heery. There was colloquy in regard to this testimony out of the presence of the jury. We have read the evidence in its entirety and do not find that the testimony of Mrs. Heery as referred to by page number of the record is harmful to the movant. This special ground is not meritorious.

Special ground 3 assigns error because it is alleged that the court erred in failing to grant a nonsuit after the conclusion of certain of the plaintiff's testimony. This ground complains of the refusal to grant a nonsuit in a case where the general grounds of the motion for a new trial are insisted upon and for that reason this motion for a nonsuit cannot be considered. See *Milligan* v. *Milligan*, 209 *Ga.* 14 (2) (70 S. E. 2d 459).

4. As stated hereinabove the general and special demurrers were renewed after the petition had been amended and counsel for the defendant especially renewed the special demurrers to paragraphs 5 and 13 (a) of the amended petition. Paragraph 5 of the amended petition reads as follows: "This schedule of commissions agreed upon was reduced to writing in memorandum form by petitioner and placed in defendant's safe, where same is at the filing of this suit." Paragraph 13 (a) reads as follows: "The written memoradum of the agreed commissions in petitioner's handwriting on deposit in defendant's safe which is referred to in paragraph five above." We cannot see that these two paragraphs which were added by amendment were subject to special demurrer. The plaintiff amended the petition in several respects and to our minds met the demands of the other special demurrers. We therefore conclude that the ruling of the trial court in regard to the special demurrers was correct. It is our opinion that the petition set out a cause of action and that the court properly overruled the general demurrer to the petition as amended.

The trial court did not err in the rulings on the demurrers nor in denying the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. Townsend, Carlisle and Frankum JJ., concur.*