24047. BUTTERWORTH et al., Trustees v. PETTITT et al.

ARGUED APRIL 12, 1967—DECIDED MAY 18, 1967.

*Mitchell, Clarke, Pate & Anderson, Taylor W. Jones, Herbert Buffington,* for appellants.

*Thomas A. Roach,* for appellees.

FRANKUM, Justice. The appeal is from a judgment denying a motion for summary judgment. The sole enumeration of error is on this judgment. This case was initiated when The First Interdenominational Christian Association of Cherokee County, Inc. filed a petition seeking to have title and right of possession of described church land declared in it as against Harold A. Pettitt and other named defendants individually and as representatives of a class composed of the members of the Gospel Temple Congregational Holiness Church of Cherokee County, on the theory that the deed under which defendants claim the land in question is invalid and that plaintiff is the true successor in title to the church property. Petitioner moved for a summary judgment attaching affidavits and interrogatories in support thereof. The trial judge overruled this motion.

The petition was amended by substituting as parties plaintiff Herbert Butterworth, Dewey Wood and H. G. Ray, as Trustees of The First Interdenominational Christian Association of Cherokee County, Inc., suing for the use of said corporation.

Thereafter, Butterworth, Wood and Ray were allowed to

intervene as Trustees of The First Interdenominational Christian Association of Cherokee County alleging that if they, as the Trustees of The First Interdenominational Christian Association of Cherokee County, Inc., are not proper parties plaintiff because of some defect in the incorporation of the original plaintiff or for some other reason because of the incorporation, then petitioners would be proper parties in their capacities as "Trustees of The First Interdenominational Christian Association of Cherokee County" to whom the property was conveyed by warranty deed in 1947 by the Georgia Marble Company.

Intervenors, Butterworth, Wood and Ray, as Trustees of The First Interdenominational Christian Association of Cherokee, filed their motion for summary judgment on the issues of title and right of possession of the property on the theory that the deed purporting to convey the property to the Holiness Church was illegally executed over the protests of members of The First Interdenominational Christian Association of Cherokee County who continued to adhere to the rules and doctrines of the original religious organization. The motion alleged that "the Trustees of The First Interdenominational Christian Association of Cherokee County *have executed no deed* conveying the property to the corporation, and therefore, still hold title to said property as Trustees of The First Interdenominational Christian Association of Cherokee County." (Emphasis supplied). The motion also alleges that "any issue of fact as to whether the plaintiff corporation or the trustees of the plaintiff corporation are proper parties plaintiff would not apply to movants who as the 'Trustees of The First Interdenominational Christian Association of Cherokee County' are the same parties named as grantees in the warranty deed by which said association took title to the property in question from the Georgia Marble Company in 1947."

By amendment to the motion an affidavit was introduced in which affiants swore that the Trustees of The First Interdenominational Christian Association of Cherokee County are Herbert Butterworth, Dewey Wood, and H. G. Ray.

The court overruled this motion for summary judgment which order is appealed from.

On the hearing of a motion for summary judgment, *Code Ann.* § 110-1203 (Ga. L. 1959, p. 234) provides: "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . ." In *Crutcher v. Crawford Land Co.*, 220 Ga. 298 (3) (138 SE2d 580) this court in construing the Summary Judgment Act held: "The requirement of the Act that on such a hearing the pleadings must be considered, does not make the pleadings evidence but merely shows the causes alleged in order that by comparison with the evidence it can be determined if the movant should prevail." "The purpose of the Summary Judgment Act of 1959 is to eliminate the necessity for a trial by jury where, giving the opposite party the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence, there is no genuine issue as to any material fact, and the moving party is entitled to a judgment as a matter of law." *Holland v. Sanfax Corp.*, 106 Ga. App. 1 (1) (126 SE2d 442). In *Cotton States Mut. Ins. Co. v. Martin,* 110 Ga. App. 309, 310 (138 SE2d 679) it is held that: "The allegations of both the petition and the answer must be taken as true in a summary judgment case unless the movant successfully pierces the allegations so as to show that no material issue of fact remains."

We are of the opinion that there exists an issue as to a material fact and the court, under the pleadings and evidence presented, could not as a matter of law find that movants were entitled to a summary judgment. Movants claim the property as trustees of the unincorporated association while they allege also that they are trustees of the plaintiff corporation. Affidavits in support of their motion show that movants are trustees of both the association and the corporation. They allege in their motion that the association has title and has not conveyed it to the corporation. However, the plaintiff corporation in its petition alleges that it holds fee simple title to the property. No proof was offered to resolve these contradictory allegations which, although made by parties on the same side of

the case, present an issue of material fact as to whether the corporation or the unincorporated association has title to the property. Assuming that appellees do not have title or right of possession to the property, it cannot be determined as a matter of law whether movants are entitled to a judgment as trustees of the association or as trustees of the plaintiff corporation.

*Judgment affirmed. All the Justices concur.*