43506. SECURITIES INVESTMENT COMPANY v. BENNETT et al.

BELL, Presiding Judge. An action for malicious use of civil process is an action for injury to the person, rather than one for injury to the reputation, and therefore is not barred under *Code Ann.* § 3-1004 until two years after the cause of action accrues. *McCullough v. Atlantic Refining Co.*, 50 Ga. App. 237, 238 (177 SE 601); *Davison-Paxon Co. v. Norton*, 69 Ga. App. 77, 80 (24 SE2d 723). The cause of action does not accrue, and the statute does not begin to run, until the action on which the process issued has been finally terminated in favor of the defendant. See *Printup Bros. & Co. v. Smith*, 74 Ga. 157, 162; *Mullins v. Mathews*, 122 Ga. 286, 288 (50 SE 101); *Gordon v. West*, 129 Ga. 532, 534 (59 SE 215, 13 LRA (NS) 549). In this action for malicious use of process, it appears that the action in which the process issued was instituted on August 4, 1966, that it terminated favorably to defendant (plaintiff in this suit) at the January 1967 term of Bartow Superior Court, and that the plaintiff here brought this suit on November 13, 1967. Defendant's contention that this suit is one for injury to the reputation, that a one-year

limitation is applicable, and that the statute began to run when process issued in the former suit, is entirely without merit. The trial court did not err in overruling defendant's motion to dismiss on the ground that the claim was barred by the statute of limitation.

Judgment affirmed. *Hall and Quillian, JJ., concur.*

ARGUED MARCH 5, 1968—DECIDED MARCH 15, 1968.

*Adams & Greenholtz, E. Louis Adams,* for appellant.