## 53627. MILLER v. FRIX.

MARSHALL, Judge.

Appellant Miller, defendant below, appeals the rendition of a judgment at a bench trial in favor of Frix based upon an oral contract for the remodeling of a lake home belonging to Miller. Miller enumerates as error the adverse judgment, contending that Frix breached the oral contract by failing to furnish material of proper quality, by rendering inferior quality service, by failing to complete the contract on time, and finally by failing to render satisfactory service within the terms of the oral contract. *Held:*

The evidence reflects that Miller orally contracted with Frix to make certain renovations to his lake home. Though there was an original estimate, this was modified to include numerous changes. Even after these changes, additional changes were made by Miller and performed by Frix. Miller admitted that the work was performed, at least substantially as contemplated by the oral agreement, when he stated that he considered the ultimate bill submitted by Frix as reasonable for the quantity of work performed, but disputed the quality of labor and material. Additionally, Miller complains that Frix did not complete the work on time. There is evidence showing that Miller gave Frix until July 18 to complete

the work, and testimony by Frix that he had completed all the work required by that date. There is a dispute between the parties as to the quality of material used and of the work performed. Miller offered evidence that tended to show inferior or unacceptable material and labor. Frix offered evidence that showed that all material was purchased from reputable suppliers and that the work performed was of "quality workmanship."

The trial court heard all evidence on the question of the terms of the oral contract, the time of completion, the quality of material and workmanship, and whether Frix had performed in accordance with the terms of that contract. This presented nothing more than a dispute of fact as to each area of complaint by Miller. These disputes were resolved against Miller. Though the judgment in favor of Frix was not demanded, it is supported by competent evidence. With reference to actions in courts of competent jurisdiction tried upon the facts without a jury, it has been held consistently that, even though the findings of fact contended for by the appellant would have been authorized by the evidence presented on the trial, yet, where the facts found by the trial court were authorized by the evidence, such finding will not be set aside. *Williams v. Mathis,* 237 Ga. 305, 306 (227 SE2d 378) (1976); *Brook Forest Enterprises v. Paulding County,* 231 Ga. 695 (203 SE2d 860) (1974); *Balkcom v. Vickers,* 220 Ga. 345 (138 SE2d 868) (1964).

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED MARCH 3, 1977 — DECIDED APRIL 22, 1977.

*Fink, Young, Meyers & McLam, Ronald K. Owen,* for appellant.

*Lipscomb, Manton & Johnson, John P. Manton,* for appellee.