## 57404. PEACH STATE FORD TRUCK SALES, INC. v. DAVIS.

SHULMAN, Judge.

Appellee, a former salesman of appellant, filed suit to recover $13,000 in unpaid commissions allegedly earned from sales of appellant-dealer's heavy trucks. The trial court, sitting without a jury, rendered judgment for the full amount demanded. For the reasons stated in Division 4 of this opinion, we affirm the judgment on condition.

1. Appellant asserts that the trial court erred in permitting, over appellant's objection, inadmissible hearsay testimony. We disagree.

The testimony which appellant finds objectionable related to the delivery of trucks to purchasers allegedly procured by appellee. Although the witness stated that the testimony was based on personal knowledge, appellant submits that cross examination showed that the testimony was inadmissible hearsay. In support of this proposition, appellant cites the following testimony: "Q...[N]ow, you said that you have personal knowledge of why these [trucks] were delivered [to purchasers procured by appellee], what is that personal knowledge? Did someone tell you they were delivered? A. Yes, someone told me they were delivered." This testimony fails to affirmatively show that the witness was testifying exclusively on hearsay rather than on personal and independent knowledge. Compare *Atlantic C. L. R. Co. v. Collins,* 13 Ga. App. 759 (79 SE 946). Accordingly, it cannot be held that the trial court erred in allowing this testimony. *Atlanta Glass Co. v. Noizet,* 88 Ga. 43 (2) (13 SE 833).

2. The crux of this case involves a dispute over appellee's entitlement to commissions on sales orders procured by appellee during his employment, but which sales had been consummated after appellee left appellant's employ. The testimony of the litigants, however, reflected a basic agreement that the right to commissions attached only after appellant had received payment for the vehicles. Appellant submits that the transcript is devoid of competent evidence showing that payments were received for the vehicles, and that such

payments are a condition precedent to any claim for commissions. It is urged that the court erred in denying appellant's motion for involuntary dismissal. This is not well taken.

Direct testimony established that full payment had been received from certain clients who had placed orders with appellant. As this evidence would have authorized a verdict in favor of appellee for some amount, the denial of appellant's motion for involuntary dismissal did not constitute reversible error. See generally *Young v. Wiggins,* 229 Ga. 392 (1) (191 SE2d 863).

3. The evidence shows that appellee accepted commissions for sales resulting from orders procured by other salespersons, but which sales had been completed by appellee. We reject appellant's contention that appellee's conduct demanded a finding that appellee was not entitled to commissions on sales orders secured by appellee but completed by others. The trial court was authorized to find that appellee was entitled to such commissions. See, e. g., *Southeastern Sports Car Center v. Mangle,* 101 Ga. App. 650 (115 SE2d 200). Similarly, the trial court was authorized to find that appellee's voluntary resignation did not work a forfeiture of his right to commissions for sales (to purchasers procured by appellee while in appellant's employ) which were consummated after appellee resigned. Cf. generally *Howell Realty Co. v. Boggs,* 127 Ga. App. 867 (1) (195 SE2d 253).

4. In attempting to establish his claim for commissions in the amount of $13,000, appellee presented evidence that he had procured a buyer for 14 used trucks and testified that he was entitled to $7,000 commissions therefor. As we agree with appellant's contention that appellee failed to carry his burden of establishing entitlement to these commissions, we conclude that the judgment is without evidentiary support.

The uncontradicted evidence shows that the sale of the 14 trucks forming the basis of this claim was never made to the purchaser procured by appellee. Accordingly, appellee was not entitled to the $7,000 commissions demanded. This being so, this unauthorized portion of the judgment must be written off by plaintiff-appellee or the

judgment must be reversed. *Fidelity & Cas. Co. v. Mangum,* 102 Ga. App. 311 (8, 9) (116 SE2d 326).

5. Appellant's assertions to the contrary notwithstanding, the trial court's findings of fact and conclusions of law were not deficient for failure to specifically set forth the express terms of the oral contract found to exist or for failure to specifically list those sales by which commissions had accrued. The findings and conclusions were legally sufficient and supported by evidence. See, e.g., *Spivey v. Mayson,* 124 Ga. App. 775 (186 SE2d 154); *Miller v. Frix,* 142 Ga. App. 92 (235 SE2d 612).

*Judgment affirmed on condition that $7,000 be written off by the plaintiff within 10 days; otherwise, the judgment is reversed. Deen, C. J., and McMurray, P. J., concur.*

ARGUED MARCH 7, 1979 — DECIDED JULY 10, 1979 — REHEARING DENIED JULY 26, 1979.

*Gambrell, Russell & Forbes, Sewell K. Loggins, Michael V. Elsberry,* for appellant.

*Manning & Manning, Brince H. Manning, III,* for appellee.

