### 64621. WILSON v. ASHLAND PETROLEUM COMPANY, A DIVISION OF ASHLAND OIL, INC.

CARLEY, Judge.
The instant appeal is from a judgment in favor of the plaintiff-appellee after a bench trial. The suit was instituted to recover the balance due on open account for merchandise sold to J. H. Wilson Oil, Inc. and was brought against both the corporation and appellant Wilson, as the guarantor of the corporation's debts. The corporation is not a party to this appeal.

The relevant facts are as follows: It is undisputed that J. H. Wilson Oil Company, Inc. was indebted to the appellee, Ashland Petroleum Company. In 1976, James H. Wilson, the appellant, had signed a guaranty made in favor of "Ashland Oil and Refining Company." Evidence introduced shows that appellee is the same entity that was formerly known as Ashland Oil and Refining Company, having changed its name in 1970 to Ashland Petroleum Co., a Division of Ashland Oil, Inc., the name it currently bears. The guaranty, signed by appellant, however, was made six years after appellee's name change.

1. Appellant contends the trial court erred in failing to state specifically its findings of facts and conclusions of law as required by Code Ann. § 81A-152. The findings and conclusions of the trial court in this case are sufficient to afford intelligent appellate review. *Hickok v. Starka Industries, Inc.,* 151 Ga. App. 688, 670 (261 SE2d 418) (1979); *Doyal Development Co. v. Blau,* 133 Ga. App. 613 (211 SE2d 642) (1974).

2. Appellant enumerates as error the ruling that appellant is liable to appellee based on a guaranty in favor of "Ashland Oil Refining Company." Specifically, appellant argues that the guaranty he executed is a "mere nullity" because no such entity existed at time of the execution of the guaranty nor exists today.

"The resolution of the conflicting inferences as to the identity of [Ashland Oil & Refining Company and Ashland Petroleum Company, a Division of Ashland Oil, Inc.] which were authorized to be drawn from the evidence in this case, was a matter solely for the [trior of fact] . . ." *Canal Ins. Co. v. Tate,* 111 Ga. App. 377, 387 (141

SE2d 851) (1965); *Swicard v. Hooks,* 85 Ga. 580 (11 SE 863) (1890). In concluding that appellant was the guarantor of the debt owed to appellee, the trial court, sitting as the trior of fact, found that the two names identified one and the same entity: the appellee. The trial court was authorized to make findings of fact and where the facts found are authorized by evidence, such finding will not be set aside. *Miller v. Frix,* 142 Ga. App. 92 (235 SE2d 612) (1977).

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED DECEMBER 3, 1982 —
REHEARING DENIED DECEMBER 15, 1982 — 

*W. Fred Orr II, James G. Edwards II,* for appellant.
*Bobby L. Cobb,* for appellee.