## 65135. SIEGEL et al. v. GENERAL PARTS CORPORATION et al.

CARLEY, Judge.

Appellee-plaintiff brought suit against appellant-defendants to recover on an account. The case was heard before the trial court sitting as the trior of fact. Judgment was entered for appellee and appellants appeal.

1. Appellants first assert that the trial court erred in failing to make sufficient findings of fact and conclusions of law. Our review of the order in the instant case demonstrates that it complies with the requirements of Code Ann. § 81A-152, notwithstanding the fact that the order does not specify the evidence actually relied upon in making the findings and in reaching the conclusions. See generally *Peach State Ford Truck Sales v. Davis,* 151 Ga. App. 7, 9 (5) (258 SE2d 678)

(1979). Findings of fact and conclusions of law "are not intended to amount to a brief of the evidence and need be made only on issues necessary to a disposition of the cases and upon which the judgment was entered. [Cit.]" *Spivey v. Mayson,* 124 Ga. App. 775, 776-777 (186 SE2d 154) (1971). The order in the instant case is sufficient. See generally *Frasier v. Dept. of Human Resources,* 159 Ga. App. 1 (282 SE2d 667) (1981). Compare *Bell v. Stocks,* 128 Ga. App. 799 (198 SE2d 209) (1973).

2. The trial court found that although the account was in the name of ASCO, Inc., no such corporate entity was in existence at the time the goods were sold, that appellants were operating their company as a partnership rather than a corporation, and that appellee dealt with appellants in their individual capacities and not as agents of a corporation. Based upon these findings of fact, the trial court concluded that appellants were individually liable on the ASCO, Inc. account.

The bench trial was not reported. "Where, as here, there is no transcript (none having been requested) and no agreed statement of the facts are furnished (Code Ann. § 6-805 (g)), the appellate court is bound to assume that the trial court's findings are supported by sufficient competent evidence [cit.] for there is a presumption in favor of the regularity of all proceedings in a court of competent jurisdiction. [Cit.]" *Bhatia v. West Cash & Carry Bldg. Materials,* 157 Ga. App. 145 (276 SE2d 656) (1981). The facts as found by the trial court support the conclusion of law that appellants are individually liable on the account. See *Don Swann Sales Corp. v. Echols,* 160 Ga. App. 539 (287 SE2d 577) (1981).

*Judgment affirmed. Shulman, C. J., and Quillian, P. J., concur.*

DECIDED FEBRUARY 4, 1983.

*Teddy R. Price,* for appellants.
*W. Christopher Bracken III, Stephen J. Knezo,* for appellees.