65740. PARLATO et al. v. METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY et al.

BANKE, Judge.

Plaintiffs brought this action against MARTA and its contractor, Expressway Constructors, to recover for physical damage, vandalism, and loss of commercial use of their buildings allegedly caused by construction of a subway under the street abutting the buildings. The parties stipulated that Expressway "was engaged at all times material to this action as prime contractor in the area of the property which is the subject of this action." It was also stipulated that "[l]oss of lateral support combined with other incidents of construction caused physical damage to the property, including wall-to-wall cracking and settling of the 'showroom' building and other cracks in and separations of its floor, facing, and walls. Estimates of the cost of repairing this physical damage ranged from $34,677.50 to at least $46,000.00." Other stipulated facts concerning restrictions on access to the buildings caused by Expressway's construction activities tend to support plaintiffs' claim for damages based on loss of use of the property. The trial court granted summary judgment to defendant Expressway as to the claims for physical damage and loss of use but denied Expressway's motion for summary judgment with regard to the claim for damage caused by vandalism. Plaintiffs filed a cross motion for summary judgment, which was also denied. The plaintiffs appeal the grant of

summary judgment to Expressway and enumerate as error the denial of their motion for summary judgment.

In support of Expressway's motion for summary judgment, the trial court relied upon the affidavit of Harold Medcalf, a former employee of Expressway, who asserted that he was the "job superintendent during most of the project and was present during the work on a daily basis." Referring to his extensive construction training and experience, he stated that "the work . . . was done using reasonable care in accordance with proper, generally accepted construction methods, in a sound, workmanlike manner, and in accordance with the plans and specifications of our MARTA contract." The trial court determined that, absent a counter-affidavit, this affidavit operated to negate plaintiffs' allegations of negligence. *Held:*

1. "The purpose of the Summary Judgment Act is to eliminate the necessity for trial by jury where, giving the opposing party the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence, there is no genuine issue as to any material fact, and the moving party is entitled to a judgment as a matter of law." *Riddle v. Driebe,* 153 Ga. App. 276, 281 (265 SE2d 92) (1980). Although Medcalf's affidavit recites that it was made on personal knowledge, it sets forth only contentions and conclusions without reference to any factual basis for them. Compare *Tony v. Pollard,* 248 Ga. 86 (2) (281 SE2d 557) (1981). Expressway complains that plaintiffs have waived any defect in the Medcalf affidavit by their failure to object to it in the trial court. This argument misses the point. The affidavit shows that Medcalf visited the project while he was employed by Expressway. However, he was not employed by Expressway for the entire period germane to the lawsuit. Failure to object would, no doubt, constitute a waiver of any formal defects in the affidavit (see *McKinnon v. Trivett,* 136 Ga. App. 59 (220 SE2d 63) (1975)); however, the deficiency here is one of substance rather than form. The affidavit is insufficient to demonstrate the absence of a genuine issue as to any material fact. The trial court erred in its grant of summary judgment for Expressway.

2. The trial court properly denied plaintiffs' motion for summary judgment. The stipulated facts indicate only that the construction caused damage. Whether the plaintiffs' damages were the foreeable result of some breach of duty owed to them by the defendants are questions for jury resolution. See generally *Abercrombie v. Ledbetter-Johnson Co.,* 116 Ga. App. 376 (157 SE2d 493) (1967).

*Judgment affirmed in part and reversed in part. Deen, P. J., and Carley, J., concur.*

DECIDED MARCH 11, 1983.

*Paul H. Anderson, Jr.,* for appellants.
*Robert A. Boas, Charles N. Pursley, Jr., Judson Graves,* for appellees.