### 67273. BLANKENSHIP v. BLANKENSHIP et al.

POPE, Judge.

Appellant Patty Sue Blankenship brought garnishment proceedings against her former husband, appellee Ronald Curtis Blankenship, alleging a debt owed as a result of appellee's alleged failure to provide insurance coverage as required by the divorce decree. After hearing the matter without a jury, the trial court issued an order in which it found ". . . undisputed that the Defendant husband has purchased and maintained a hospitalization and medical insurance policy as required [by the divorce decree] and that the insurance carrier has paid in excess of $25,000.00 for the benefit of the children under the terms of the policy over the past several years." The court further found that the appellee was not indebted to his former wife in any sum whatsoever. Appellant contends the court erred in finding that appellee has complied with the divorce decree and that he is not indebted to the appellant.

Appellant's enumerations require review of the evidence presented below. Unfortunately, appellant has not provided a

transcript or a stipulation of the record as set out in OCGA § 5-6-41 (Code Ann. § 6-805). Therefore, we must presume that the trial court's findings of fact and conclusions of law as set out in its order of May 27, 1983 were authorized by the evidence. *Edelberg v. Porterfield,* 166 Ga. App. 383 (304 SE2d 739) (1983), and cits.; *Siegel v. Gen. Parts Corp.,* 165 Ga. App. 339 (2) (301 SE2d 292) (1983).

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 2, 1984.

*Teddy R. Price,* for appellant.
*Melvin G. White,* for appellees.