A89A2002. CITY OF COLLEGE PARK v. ATLANTIC SOUTHEASTERN AIRLINES, INC.
(391 SE2d 460)

BIRDSONG, Judge.

Atlantic Southeastern Airlines, Inc. (ASA) sought a refund of the license taxes paid in 1984, 1985, and 1986, in the respective amounts of $19,307.75; $38,224.31; and $65,685.21, to the City of College Park. The trial court granted summary judgment to ASA for a refund of the

1985 and 1986 taxes, to the extent that the total amount of tax paid by ASA exceeds the tax which would have been due based on the number of employees of plaintiff, pursuant to Section 11-11 of the College Park City Code. The principal amount of judgment is $102,070.98.

The City of College Park appeals, on grounds that the assessments were not a tax but a proper business license fee based on gross receipts and therefore the refund claim made in 1987 was untimely, being lodged more than one year from the date of the payment of the license "fee." See OCGA § 48-5-380. Judgment was not given ASA for a refund of the 1984 tax, presumably because the May 1987 refund claim exceeded the time for claim of a "tax" within three years, pursuant to § 48-5-380. ASA does not appeal that element of judgment, but College Park appeals the refund of 1985 and 1986 license "fees." *Held*:

The trial court did not err in its judgment granting refunds to ASA for *tax* paid in 1985 and 1986.

We disagree with appellant City's argument that these assessments were a license fee for which a refund claim must be made within one year, and not a tax for which a refund claim must be made within three years of payment. See OCGA § 48-5-380.

This assessment of "a tax based on either the total gross receipts of the business or on the business' total number of employees, whichever assessment would be greater" (Code of City of College Park, § 11-11 (a)), was clearly not a license *fee*. The immediate preceding ordinance, § 10-10, assessed a "flat fee" license fee of $50 for each person or business engaged in business, without regard to type of business. This is the precondition to do business exacted by the City, securing the "right to do business" which would otherwise be illegal. See, e.g., *City of Hawkinsville v. Wilson & Wilson*, 231 Ga. 110 (200 SE2d 262); *Silverman v. Mayor &c. of Savannah*, 125 Ga. App. 41, 47 (186 SE2d 447). No other inference can be made as to the purpose of that ordinance. The "fee" set by the next following city ordinance, § 11-11, is exacted "in addition to" the business license flat fee of $50. Unless the City intended to extract two business license fees, this second ordinance cannot be construed as a prerequisite business license fee. It is a tax, variable in amount, based upon the volume of business revenues or number of employees, whichever is greater. A penalty ordinance (§ 11-16 (5)) authorizes suspension or rescission of the "license" to do business if either assessment is not paid; therefore, at least in this case, it is specious for appellant City to argue that assessments under both § 11-10 and § 11-11 are business license fees on the basis that without payment the doing of business would be illegal. Cf. *Silverman*, supra.

In any case, whatever it is called, the assessment in § 11-11 based

upon gross receipts has been nullified by 49 USCA § 1513 which provides: "No State (or political subdivision thereof. . .) shall levy or collect a *tax, fee, head charge, or other charge*, directly or indirectly . . . on the carriage of persons traveling in air commerce or on the sale of air transportation *or on the gross receipts* derived therefrom. . . ." (Emphasis supplied.)

Thus, these assessments are illegal. Since it is clear they are a tax, assessed "in addition to" the flat fee license tax preconditioning the privilege to do business, appellee was entitled to a refund for the payments it timely claimed within three years of payment.

We find no merit in the City's argument that the notice of refund claim was deficient on grounds it failed to state a "summary statement of the grounds upon which the taxpayer relies," pursuant to OCGA § 48-5-380. The notice here clearly stated such a summary of "grounds upon which the taxpayer [relied]." Assuming arguendo the refund was authorized under different grounds than what was first perceived, the notice was sufficient to apprise the City of a refund claim. There is no requirement that the "summary of grounds" must be the exact grounds upon which refund is ultimately authorized; such a requirement would require the taxpayer to become a seer. Appellant has not shown it was disadvantaged by the form of notice, and did not complain of it until appellee moved for summary judgment. In view of this ruling, holding the notice to be in substantial compliance with § 48-5-380 (see OCGA § 1-3-1), we find it unnecessary to determine whether federal law preempts the provisions of § 48-5-380 which conditions the right to refund of this illegal tax. And, as ASA does not appeal the denial of the 1984 tax refund, the issue is moot.

*Judgment affirmed. Deen, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 23, 1990.

*Glaze, Fincher & Bray, George E. Glaze, Steven M. Fincher, Laurel E. Henderson,* for appellant.

*Harman, Owen, Saunders & Sweeney, Timothy J. Sweeney, Perry A. Phillips,* for appellee.