A89A1859. WIDEN v. ATLANTA HOSPITAL SUB ISSUE B, INC.
(392 SE2d 60)

McMurray, Presiding Judge.

Plaintiff Widen, a doctor of podiatric medicine, entered into an employment contract with defendant Atlanta Hospital Sub Issue B, Inc., whereby plaintiff would perform professional duties assigned to

him as a resident in podiatric medicine. The two-year term of the contract began on July 1, 1986. On June 24, 1987, plaintiff met with the defendant's residency committee. During this meeting several allegations concerning deficiencies in plaintiff's work were discussed. On July 1, 1987, plaintiff was informed of the defendant's decision to terminate his contract and of his right to appeal that decision. On August 4, 1987, defendant's "judicial review committee" assembled at plaintiff's request to consider his appeal. This committee briefly reconvened on August 18, 1987, and subsequently determined to uphold the decision of the residency committee terminating plaintiff's contract. A further appeal by plaintiff to defendant's board of directors was also unsuccessful.

Thereafter, plaintiff filed this breach of contract action. Plaintiff appeals from the grant of defendant's motion for summary judgment. *Held:*

Paragraph six, of the contract between the parties, provides that defendant may terminate the contract where in its opinion plaintiff has not met its standards of professional ability. In paragraph seven, defendant's right to cancel the contract is limited by "assurance that due process has been granted to the Doctor." While such language does not obligate a private institution, such as defendant, to provide the full panoply of due process protection which would be applicable to tax supported institutions, defendant must avoid subjecting plaintiff to arbitrary and capricious treatment and must afford plaintiff those procedures specifically provided by the contract. *Life Chiropractic College v. Fuchs*, 176 Ga. App. 606, 607 (1), 608 (337 SE2d 45).

While plaintiff's contract did not set forth any specific procedure concerning termination, plaintiff contends that defendant was required to provide him with the procedural protection required under defendant's bylaws. Assuming for purposes of this appeal that this contention is correct, we proceed to consider whether the procedure followed in connection with the termination of plaintiff's contract was in compliance with defendant's bylaws.

Plaintiff contends that there was no compliance with the portion of the bylaws which requires that the grounds of his termination be stated in concise language. Yet, the hearing before the judicial review committee began with the statement into the record of eight areas of concern which contributed to the decision to terminate plaintiff's contract. These areas of concern, ranging from tardiness to potentially lethal medication errors, satisfied the notice requirement of the bylaws. Nor can plaintiff complain of the short notice provided under the prescribed procedure, particularly since the hearing was reconvened after a recess of two weeks in order to permit plaintiff a further opportunity to present his case. Additionally, it is apparent that

plaintiff had substantial actual notice of the concerns of the hospital from his conversations with the residency committee prior to the decision to terminate his contract.

Under the bylaws, the chairman of the judicial review committee is given a broad discretion in the conduct of the hearing, including construction of the bylaws and determination of evidentiary questions. It is explicitly provided that "[t]he hearing shall not be conducted according to rules of law relating to the examination of witnesses or presentation of evidence." Accordingly, plaintiff's various contentions as to evidentiary rulings by the chairman present nothing for review.

Plaintiff was permitted to respond on a point-by-point basis to the grounds stated for his termination. He presented his own testimony, which incidentally, repeatedly conceded significant errors in his performance of his duties at the hospital. The testimony of the one witness offered by plaintiff was admitted, and plaintiff was permitted some cross-examination of a representative of the residency committee, although such was limited to some degree by the chairman of the judicial review committee. The chairman of the judicial review committee also determined that under the bylaws the burden of proof rested upon plaintiff and the committee determined that plaintiff failed to satisfy his burden of proof.

We conclude that the procedure afforded plaintiff was in substantial compliance with the provisions of defendant's bylaws. The superior court did not err in granting defendant's motion for summary judgment.

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED MARCH 15, 1990.

*Novy & Jaymes, Eugene Novy, R. Craig Henderson*, for appellant.

*Webb, Carlock, Copeland, Semler & Stair, Wade K. Copeland, Pat M. Anagnostakis*, for appellee.