A90A2356. WALKER v. McLARTY et al.
(405 SE2d 294)

SOGNIER, Chief Judge.

Lou Walker filed suit against Gary M. McLarty and his attorney, Clifford H. Hardwick, seeking damages for abusive litigation. McLarty and Hardwick filed a joint motion for summary judgment, which was granted by the trial court. Walker appeals.

The record reveals that in her complaint, appellant asserted that two prior actions had been filed improperly against her by appellee Hardwick on behalf of appellee McLarty. In determining whether summary judgment should be granted to appellees, the trial court found that appellant had alleged two separate causes of action for abuse of process. According to the complaint, the first action was reduced to judgment in 1984. Because appellant's instant action was not filed until 1988 and the applicable statute of limitation is two years, see OCGA § 9-3-33; *Securities Investment Co. v. Bennett*, 117 Ga. App. 415 (160 SE2d 602) (1968), the trial court correctly found that, as to the first alleged instance of abusive litigation, appellant's action was time barred.

With regard to the second instance of abusive litigation alleged by appellant in her complaint, the record shows that in support of their motion for summary judgment, appellees included a copy of an order in the prior action denying appellant's motion for summary judgment in that action. The trial court found that the denial of that motion for summary judgment resulted in a collateral estoppel of appellant's claim in the case at bar.

" 'The purpose of the Summary Judgment Act is to eliminate the necessity for trial by jury where, giving the opposing party the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence, there is no genuine issue as to any material fact, and the moving party is entitled to a judgment as a matter of

law.' [Cit.]" *Parlato v. MARTA*, 165 Ga. App. 758, 759 (1) (302 SE2d 613) (1983). Contrary to appellant's argument, the previous denial of summary judgment to appellant constitutes a binding determination that the claim against her did not lack substantial justification, see *Felker v. Fenlason*, 197 Ga. App. 476, 477 (2) (398 SE2d 754) (1990); *Contractors' Bldg. Supply v. Gwinnett Sash & Door*, 199 Ga. App. 38 (403 SE2d 844) (1991), and consequently proof of that denial established that appellee was entitled to judgment in this case as a matter of law. In opposing appellees' motion for summary judgment in this case appellant did not allege that her motion for summary judgment in the prior action had not been denied, nor did she raise any objection in the trial court to the tender of the apparently uncertified copy of that order. Although failure to object will not amount to a waiver when the deficiency in the evidence is substantive, in this case the deficiency was not substantive, but was a "formal defect" and thus appellant's failure to object constituted a waiver. See *Parlato*, supra. Accordingly, the trial court properly considered the document in ruling on the motion for summary judgment.

Moreover, there is indication in the record that the trial court took judicial notice of the grant of summary judgment to appellees in the prior action. It is manifest that the trial court considered it, as it is mentioned specifically in the trial court's order in this case as the basis for granting summary judgment to appellees herein. Compare *Bell v. Figueredo*, 190 Ga. App. 163, 165 (4) (378 SE2d 475), rev'd on other grounds 259 Ga. 321 (381 SE2d 29) (1989) (trial court specifically declined to take judicial notice of a prior case). It is clear, as the dissent concedes, that the trial court had the power and authority to notice the prior case. *Petkas v. Grizzard*, 252 Ga. 104 (312 SE2d 107) (1984). Even accepting, arguendo, the premise that the exhibit containing the prior order was improper as evidence, as argued by the dissent, in the face of a silent record the presumption of the regularity of all proceedings in courts of competent jurisdiction (see generally *Siegel v. Gen. Parts Corp.*, 165 Ga. App. 339 (301 SE2d 292) (1983)) requires that we assume that the evidence before the trial court in this case sufficed to support its grant of summary judgment to appellees. *Acker v. Jenkins*, 178 Ga. App. 393, 394 (1) (343 SE2d 160) (1986). Accordingly, we *must* assume that order was judicially noticed since otherwise the trial court could not have considered it.

We note that although the prior record should have been designated as part of the record on this appeal, see *Petkas*, supra, "[t]he burden of doing so was clearly upon appellant." *Acker*, supra. Consequently, appellant's failure to so designate the record should not cause a reversal in her favor. The trial court's grant of summary judgment to appellees was proper. See generally *Widen v. Atlanta Hosp. &c.*, 194 Ga. App. 890, 892 (392 SE2d 60) (1990).

*Judgment affirmed. Birdsong, P. J., Carley, Pope, Cooper and Andrews, JJ., concur. Beasley, J., concurs in judgment only. McMurray, P. J., and Banke, P. J., dissent.*

McMURRAY, Presiding Judge, dissenting.

The exhibit to defendants' supplemental brief to the superior court, which purports to be an order in a previous case in the Superior Court of Paulding County, appears to be the prior denial of summary judgment described in the superior court's order granting summary judgment to defendants in the case sub judice. Nonetheless, the exhibits attached to defendants' briefs in the superior court are not evidence or a proper predicate for a grant of summary judgment. OCGA § 9-11-56 (c); *Butterworth v. Pettitt*, 223 Ga. 355, 357 (155 SE2d 20). Indeed, while plaintiff has requested that the clerk omit nothing from the record, the record contains no evidence submitted in support of either party. The allegations of plaintiff's complaint state a proper claim and have not been pierced by evidence presented in support of defendants' motion for summary judgment. Thus, I would hold that the superior court's grant of defendants' motion for summary judgment was error. *Boss v. Food Giant*, 193 Ga. App. 434 (388 SE2d 37).

The majority predicates its conclusion, that the superior court judicially noticed the prior denial of summary judgment, upon the premise that "in the face of a silent record the presumption of the regularity of all proceedings in courts of competent jurisdiction [cit.] requires that we assume that the evidence before the trial court in this case sufficed to support its grant of summary judgment to appellees [cit.]." This premise is false in that the record in the case sub judice is *not* silent. The supposedly silent order being appealed states that the superior court "reviewed the file herein, including the briefs of the parties and *the accompanying exhibits*, the Court finds. . . ." (Emphasis supplied.) It is thus explicitly stated on the record that the ruling of the superior court is predicated upon the non-evidentiary exhibits to defendants' brief. Furthermore, the superior court having undertaken to set out in its order the materials reviewed in reaching its decision, it may not be reasonably presumed that the superior court's list is not complete. In my view, the presumption of the majority that the superior court took judicial notice of the prior summary judgment is unfounded and conflicts with the record on appeal. Therefore, I respectfully dissent.

Furthermore, this case is an excellent demonstration of the need for a requirement that where a trial court takes judicial notice of a prior record or portion thereof, such should be explicitly stated on the record. We should not be required to determine from an ambiguous record, such as in the case sub judice, whether judicial notice of a

prior record was taken. Additionally, in the absence of an explicit statement that the evidence has been expanded by judicial notice of a prior record, an appellant may not be placed on reasonable notice of a need to designate the prior record in order to complete the record sent up to an appellate court. Compare *Acker v. Jenkins*, 178 Ga. App. 393 (1), 394 (343 SE2d 160).

DECIDED MARCH 15, 1991 —
REHEARING DENIED MARCH 29, 1991 —

*Hartley, Rowe & Fowler, G. Michael Hartley, Elizabeth A. Geoffroy*, for appellant.
*Clifford H. Hardwick*, for appellees.