A99A1674. DAVIS v. BUTLER et al.
A99A1675. DAVIS v. McDONNELL.
(522 SE2d 548)

ELDRIDGE, Judge.

This abusive litigation action arose from an underlying legal malpractice action by James P. McDonnell against Dock H. Davis, his former lawyer, which former action was based upon Davis' representation in the estate of Roy Allison Jones, McDonnell's father and a deceased Louisiana citizen. On October 16, 1992, Larry Kent Butler, Frank R. Seigel, and John J. Lindsay, as members of the law firm of Cofer, Beauchamp & Butler, filed the legal malpractice action on behalf of McDonnell against Davis in Fulton Superior Court in Civil Action No. E-7406. As a professional malpractice action, the suit was supported by an affidavit which stated, in the expert's opinion, that Davis had deviated from the standard of care and had violated several provisions of the Code of Professional Conduct. On March 18, 1994, Civil Action No. E-7406 was transferred to Heard Superior Court, where it was re-designated as Civil Action File No. 94V79-A.

On April 14, 1994, in Civil Action File No. 94V79-A (E-7406), Davis as defendant moved for summary judgment as to all theories of liability against him. In such motion, Davis contended that McDonnell acted with malice and without substantial justification in bringing suit against Davis. However, in a 13-page order, the trial court denied the motion for summary judgment on all theories of liability. The trial court specifically found that there was a conflict of material evidence which created a jury question as to such issues. Further, the order stated that there were disputed material issues of fact for jury determination as to Davis' alleged acts or omissions of conversion, mismanagement of funds, failure to account, excessive fees, fraud, and usury on loans to McDonnell. Davis advanced funds to McDonnell five times, charged interest twice, and failed to advise the client that such interest-free loans could affect Davis' independent judgment.

On March 14, 1996, McDonnell dismissed the civil action with-

out prejudice.

On March 12, 1997, Davis sued McDonnell and Cofer, Beauchamp & Butler, the defendants herein for abusive litigation under OCGA § 51-7-81 et seq. On July 31, 1997, the lawyer defendants moved for summary judgment. On November 21, 1997, a hearing was held on the motion. On November 24, 1997, the trial court granted summary judgment to the lawyer defendants.

### Case No. A99A1674

1. Davis contends that the trial court erred in granting summary judgment, because the underlying action lacked substantial justification and was brought with malice. We do not agree.

OCGA § 51-7-81 provides that a right of action for abusive litigation exists when "[a]ny person who takes an active part in the initiation, continuation, or procurement of civil proceedings against another shall be liable for abusive litigation if such person acts: (1) [w]ith malice; and (2) [w]ithout substantial justification." OCGA § 51-7-80 (5) defines "malice" to mean "acting with ill will or for a wrongful purpose." OCGA § 51-7-80 (7) defines "without substantial justification" as "[f]rivolous," "[g]roundless in fact or in law," or "[v]exatious." OCGA § 51-7-80 (8) defines "wrongful purpose" as "[a]ttempting to unjustifiably harass or intimidate another party or witness to the proceeding" or "[a]ttempting to unjustifiably accomplish some ulterior or collateral purpose other than resolving the subject controversy on its merits."

(a) As a threshold issue, compliance with the notice requirement as a condition precedent under OCGA § 51-7-84 (a) must be satisfied, because this statute is in derogation of common law and must be strictly construed against the party asserting the right of action under such Act. *Owens v. Generali — U. S. Branch*, 224 Ga. App. 290, 292 (480 SE2d 863) (1997); *Kirsch v. Meredith*, 211 Ga. App. 823, 825 (440 SE2d 702) (1994); see also *Bo Fancy Productions v. Rabun County Bd. of Commrs.*, 267 Ga. 341, 343 (1) (478 SE2d 373) (1996); *Caldwell v. Corbin*, 152 Ga. App. 153, 158 (3) (262 SE2d 516) (1979). OCGA § 51-7-84 (a) mandates that

> [a]s a condition precedent to any claim for abusive litigation, the person injured by such act shall give written notice by registered or certified mail or some other means evidencing receipt by the addressee to any person against whom such injured person intends to assert a claim for abusive litigation.

Davis alleged in his complaint that each defendant received such notice, but he failed to attach such ante litem notice to his complaint

in order to demonstrate satisfaction of such condition precedent to the right of action for abusive litigation. None of the defendants admitted to receiving such essential notice. In his personal affidavit in opposition to defendants' motion for summary judgment, Davis neither testified that the notice was given nor attached a copy of the notice with the mailing receipts. Thus, there was no evidence in the record that the notice requirement as a condition precedent had ever been satisfied. Therefore, summary judgment was properly granted, even if for a different reason. OCGA § 51-7-84 (a); *Phillips v. MacDougald*, 219 Ga. App. 152, 157 (4) (464 SE2d 390) (1995).

(b) Further, on Davis' motion for summary judgment in the underlying action in Heard County, which was alleged by Davis to have been abusive litigation, the trial court found such action to have "substantial justification" on all theories of liability, because such suit created jury questions that could not be resolved as a matter of law by the trial court in Davis' favor. Where the trial court finds in the alleged abusive litigation that such action withstands the attack by motion for summary judgment and is entitled to a trial by jury, although the plaintiff may lose at trial, such denial of summary judgment constitutes a legal determination that the action has substantial justification, because it is not groundless or frivolous and can proceed to jury trial. Thus, it was not groundless, frivolous, or vexatious in fact or in law. OCGA § 51-7-80 (7); *Owens v. Generali — U. S. Branch*, supra at 294; *Phillips v. MacDougald*, supra at 157.

> We note that although questions of fact are usually for the jury's determination, whether or not [McDonnell's] suit had a basis in law at the time it was filed is a question of law. It was therefore appropriate for the trial judge to pass on this issue of law in determining whether [McDonnell's] suit was without legal foundation when it was filed.

*Owens v. Generali — U. S. Branch*, supra at 293.

> Contrary to [Davis'] argument, the previous denial of summary judgment to [Davis] constitutes a binding determination that the claim against [him] did not lack substantial justification, and consequently proof of that denial established that [the defendants were] entitled to judgment in this case as a matter of law.

(Citations omitted.) *Walker v. McLarty*, 199 Ga. App. 460, 461 (405 SE2d 294) (1991), overruled on other grounds, *Graves v. State*, 269 Ga. 772 (504 SE2d 679) (1998). Although *Walker v. McLarty*, supra, relied upon cases construing the meaning of OCGA § 9-15-14, such cases determined the meaning and means of proof of substantial jus-

tification under such statute. Substantial justification as used in OCGA § 9-15-14 has an identical meaning as under OCGA § 51-7-80 et seq. In fact, the General Assembly sought to harmonize the two statutes in language, and OCGA § 51-7-80 et seq. makes specific reference to OCGA § 9-15-14. Ga. L. 1989, p. 408, § 2; OCGA §§ 51-7-83; 51-7-85; *Hallman v. Emory Univ.*, 225 Ga. App. 247, 248-249 (483 SE2d 362) (1997) (physical precedent only).

While there was some evidence of a settlement conversation between Davis and the defendants prior to suit which could be construed under the statutory definition of malice to give rise to a jury issue, an action for abusive litigation requires *both* malice and lack of substantial justification as essential elements of the action. OCGA § 51-7-81; *Owens v. Generali — U. S. Branch*, supra at 295. The trial court found as a matter of law that the underlying action was brought with substantial justification. Therefore, summary judgment was appropriate. Id. at 294-295.

## Case No. A99A1675

On April 9, 1997, a sheriff's deputy made a non est return of service as to James P. McDonnell in this action, showing that he did not live at 6850 Peachtree-Dunwoody Road, Atlanta, his mother's house at that time. While Davis contends that McDonnell was served in this action, there is nothing in the records of Case No. A99A1674 or A99A1675 to demonstrate that he was personally served. On September 23, 1997, Richard A. Lopez gave an affidavit that he served the summons/complaint on James P. McDonnell's mother, Juanita McDonnell, on that date at 6850 Peachtree-Dunwoody Road, Atlanta, Georgia, but the affidavit failed to state that she lived there or that at such time this was the residence of James P. McDonnell. Davis contended that McDonnell had been validly served and was in default for failure to file an answer. On September 25, 1997, the abusive litigation case, as to McDonnell, first appeared on a default/no-service calendar in the trial court.

On October 10, 1997, the calendar clerk sent to Davis a notice of a status conference with the trial court to determine what issues were left pending. On October 16, 1997, Davis filed Lopez's affidavit. On November 17, 1997, the status conference was held. On November 21, 1997, the hearing on the motion for summary judgment was held and granted; the order was filed November 24, 1997.

Davis requested that the clerk put the default on an inactive status pending the appeal of the grant of the summary judgment to the other defendants. However, on December 18, 1997, the Fulton County Daily Report published notice of a default/no-service calendar for 1:00 p.m. on January 28, 1998, by order of the trial court. The

calendar contained the style of the case, i.e., names of parties, case number, defense counsel of record, and counsel for plaintiff pro se. Notably, on the complaint, Davis did not sign or state that he was counsel of record for himself but did provide his Georgia Bar number; this was how he signed most of the pleadings in this case. However, in Davis' response to the motion for summary judgment and related pleadings, Davis signed and indicated that he was attorney for the plaintiff.

Davis admitted that he did not personally check any published calendars but instead relied upon his secretary and two reporting services to check the calendars only for the listing of his name as attorney of record. The persons relied upon by him to check published calendars did not check case names, case file numbers, or indications of pro se representation. Thus, they missed Davis' case, because for counsel the paper only indicated pro se, which required the checker to examine the style of the case to determine to whom the pro se referred for such case. As such, the notice contained Davis' name as a party, but not where he expected it to be. "[I]n searching the published calendar, attorneys and their calendar assistants look for the names of counsel, not the names of cases." *Brown v. C & S Nat. Bank*, 245 Ga. 515, 518 (265 SE2d 791) (1980).

On January 19, 1998, the clerk of the trial court mailed written notice of the default/no-service calendar to Davis at P. O. Box 728, Franklin, Georgia 30217-0728, with postage meter marked Atlanta, January 23, 1998. However, the complaint listed Davis' address as One Northside 75, Suite 108, 1675 Northside Drive, N.W., Atlanta, Georgia 30318 as the return for service address. Even so, Davis admitted that the Franklin address was one of Davis' offices.

On January 30, 1998, the trial court dismissed without prejudice James McDonnell for want of prosecution with copies going to Davis and McDonnell, when Davis did not appear at the calendar call of the default/no-service calendar on January 28, 1998. On March 2, 1998, after the expiration of the January-February Term of Fulton Superior Court, Davis filed a motion to set aside the dismissal. In support of such motion, Davis attached his affidavit, which stated "[t]he notice of hearing probably arrived at my office on 27 January 1998. I was not at the Franklin Office on that day and the envelope with the notice was opened Wednesday afternoon between 1:00 and 2:00 P. M., after Wednesday's mail arrived." On May 5, 1998, the trial court denied the motion.

2. On appeal, Davis contends that the notice by publication in the Fulton County Daily Report by the trial court was legally insufficient.

OCGA § 9-11-40 (a) provides that "[a]ll civil cases . . . shall be triable any time after the last day upon which defensive pleadings

were required to be filed therein." Under OCGA § 9-11-40 (c), "[t]he courts shall provide for the placing of actions upon the trial calendar: (1) [w]ithout request of the parties but upon notice to the parties."

When timely notice of the trial calendar, with the case style, case number, counsel of record, and pro se status, is published in the legal organ of the county, such notice satisfies notice requirements and is adequate under OCGA § 9-11-40 (c). See OCGA § 9-11-60 (d) (3); *Brown v. C & S Nat. Bank*, supra at 517-519; *Spyropoulos v. John Linard Estate*, 243 Ga. 518, 519 (255 SE2d 40) (1979); *McNally v. Stonehenge, Inc.*, 242 Ga. 258 (248 SE2d 653) (1978); *East India Co. v. Marsh & McLennan, Inc.*, 160 Ga. App. 529, 531 (1) (287 SE2d 574) (1981); *Martin v. Foxboro Co.*, 149 Ga. App. 719 (256 SE2d 34) (1979).

Davis' name was listed in the published notice as part of the style of the case as plaintiff and as pro se, but not as "Attorney for plaintiff," because on the complaint, he did not indicate that he was attorney for plaintiff of record in the signature designation but "signed his pleading and stat[ed] his address" instead as pro se, although he indicated his status as a member of the bar by inclusion of his bar number. See OCGA § 9-11-11 (a). The representation that the person signing the pleadings is doing so as attorney for such party indicates to the trial court: (1) that the pleadings are not interposed for delay; (2) that the person is a lawyer in good standing; and (3) that the person has authority to act for the designated party. *In re Carter*, 235 Ga. App. 551, 553 (1), n. 11 (510 SE2d 91) (1998); *McCormick v. Acree*, 232 Ga. App. 834 (503 SE2d 88) (1998); OCGA § 15-19-7. The signature line of the pleadings did not comply with the pleading requirements of the Civil Practice Act for Davis to be treated of record as "Attorney for plaintiff." OCGA § 9-11-11 (a); see also Official Forms OCGA §§ 9-11-103 through 9-11-118. Any pro se litigants are on notice of their status in the case so that, when pro se appears where the name of counsel normally appears, they must take the additional step of examining the style of the case to determine if pro se refers to them, which should have been done in this case. Failure to comply with the pleading requirements of the CPA waived the pro se's right in published calendars to be listed by name as attorney for plaintiff.

The published notice in this case was in substantial compliance with the notice requirements of OCGA § 9-11-40 (c), because it contained the name of the parties in the style of the case, the case number, counsel of record, and the designation pro se. See OCGA § 1-3-1 (c); see generally *City of College Park v. Atlantic Southeastern Airlines*, 194 Ga. App. 637, 639 (391 SE2d 460) (1990); *Hart v. Columbus*, 125 Ga. App. 625, 631 (2) (188 SE2d 422) (1972). The failure of Davis to receive notice by publication resulted from his own failure to personally read the published calendars and from his instruction to

his secretary and two publication services to rely, not upon the published case names and file numbers, but only upon his designation as counsel of record for a party, ignoring his pro se status. Thus, this "party acting pro se . . . receive[d] notice of [the] hearing." *TMS Ins. Agency v. Galloway*, 205 Ga. App. 896, 897 (424 SE2d 71) (1992); accord *Housing Auth. of Atlanta v. Parks*, 189 Ga. App. 97, 98 (374 SE2d 842) (1988). Therefore, no defect existed authorizing the setting aside of the judgment under OCGA § 9-11-60 (d) (3).

3. Division 2 determined that Davis had reasonable notice of the default/no-service calendar and that there was no nonamendable defect appearing upon the face of the record authorizing the judgment to be set aside under OCGA § 9-11-60 (d) (3). Therefore, the remaining enumerations of error are controlled by Division 2.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED SEPTEMBER 15, 1999 — 

*Dock H. Davis*, pro se.
*Hawkins & Parnell, Thomas R. Mock, Jr., Matthew F. Barr*, for Butler et al.
James P. McDonnell, *pro se.*